## Neslie and Wife *versus* Second and Third Streets Passenger Railway Company.

1. A., in alighting from a street car with her child on her left arm, slipped and fell, from which she alleged she sustained injuries. There was evidence that when there was ample room for all the passengers to ride in the car, a passenger was permitted to stand on the platform in such a position that she could not get hold of the dasher of the car to protect herself from falling, and also that there was ice on the step of the car upon which she slipped, formed during the storm of the previous day; that she knew of the ice on the step, and that had she carried her child on her right arm she could have taken hold of the handle of the car with her left hand. *Held*, that under all the facts of the case it was error for the Court to grant a compulsory nonsuit.

2. If there be no doubt as to the existence of the facts of a case, yet if there be substantial doubt as to the reasonable and natural inferences to be drawn from those facts, they should be submitted to the jury.

3. What is or is not negligence in a particular case, is generally a question for the jury.

April 7th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county:* Of January Term 1886, No. 112.

This was an action of trespass on the case brought by Wil-

liam Neslie and Margaret Neslie, his wife, in right of said wife, against The Second and Third Streets Passenger Railway Company, to recover damages for injuries alleged to have been sustained by Margaret Neslie by falling on the step of a street car on which she was a passenger, by reason of the negligence of the defendant in permitting ice to remain on the step, and in permitting a passenger unnecessarily to stand in such a position on the platform of the car as to prevent her protecting herself by taking hold of the dasher of the car. Plea, not guilty.

The facts of the case sufficiently appear in the opinion of the Supreme Court.

The Court, after the plaintiffs had closed their evidence, on motion of the defendant granted a compulsory nonsuit, which the Court *in banc* subsequently refused to take off.

The plaintiffs thereupon took this writ, assigning for error the refusal of the Court to take off the nonsuit.

*James P. Dolman* and *John Dolman*, for plaintiffs in error.—
1. (*a*) The plaintiff being a passenger the defendant was bound to transport safely. By showing a failure to do this the plaintiff established a *prima facie* case, without affirmative proof of any negligence on the part of the defendant. The burden was upon the latter of showing a state of facts which relieved it from liability: R. R. Co. *v.* Goodman, 12 P. F. S., 329; Meier *v.* R. R. Co., 14 Id., 225; Laing *v.* Colder, 8 Barr, 482; Sullivan *v.* R. R. Co., 6 Casey, 234; Shearman & Redfield on Neg., § 280; Redfield on Railways, § 1760 and notes.

(*b*) The testimony on the part of the plaintiff, however, contained sufficient evidence of negligence in the defendant to send the case to a jury. The duty of a carrier of passengers is to exercise the highest possible degree of care, diligence, and foresight: Meier *v.* R. R. Co., 14 P. F. S., 225; 2 Redfield on Railways, 170–190; Laing *v.* Colder, 8 Barr, 482; Gillis *v.* R. R. Co., 9 P. F. S., 129; Sullivan *v.* R. R. Co., 6 Casey, 234; R. R. Co. *v.* Boyer, 1 Out., 91; Boss *v.* R. R. Co., 1 Atl. Rep., 9.

It has been laid down in many cases that the obligation of a common carrier of passengers extends to furnishing a safe and convenient means of exit: See R. R. Co. *v.* White, 6 W. N. C., 516.

(*c*) It is contended still further, that the defendant was chargeable with negligence for unnecessarily allowing its platform to be occupied in such a way as to interfere with the safe exit of passengers. To hold otherwise, as matter of law, involves the assertion that such an act would never

amount to negligence. If, under any circumstances, permitting an unnecessary occupation of the car platform would amount to negligence, unless it would under all circumstances, the jury alone can determine whether in a particular case it was justifiable. For a carrier to permit its car platform to be unnecessarily crowded in such a way as to directly cause the injury of a passenger attempting to alight, can hardly be claimed to reach the extraordinary degree of care required of it; and unless that proposition can be broadly affirmed, the question is always one for the jury, where it is shown that an unnecessary occupation of the platform contributed to an injury.

2. (*a*) If the case was decided in the Court below on the ground of contributory negligence, it is submitted that the learned Court erred in sustaining the nonsuit, and that the case should have been submitted to the jury. To hold as the Court below did, was to establish plaintiff's negligence as matter of law. This necessitates a consideration of the nature of negligence in law. It can be determined by the court only.

When the standard is fixed, when the measure of duty is defined by the law and is the same under all circumstances: R. R. Co. *v.* McIlwee, 17 P. F. S., 311. Where the precise measure of duty is determinate, the same under all circumstances: McCully *v.* Clark, 4 Wr., 406. A fixed rule, the same under all circumstances: R. W. Co. *v.* Henrice, 11 Norris, 431.

Plaintiff had a right to rely upon the assumption that the defendant would perform its clear duty of keeping its steps in a fit condition for use, or of restraining passengers from using them: Erie City *v.* Schwingle, 10 Harris, 384; Humphreys *v.* Armstrong Co., 6 P. F. S., 204.

Plaintiff's duty was to exercise ordinary and reasonable care, and there is a long and unbroken line of authorities in this State, that in such a case the question is always for the jury: Payne *v.* Reese, 4 Out., 301; Johnson *v.* Bruner, 11 P. F. S., 58; Railway Co. *v.* Walling, 9 W. N. C., 467; R. R. Co. *v.* McIlwee, 17 P. F. S., 311; R. R. Co. *v.* White, 6 W. N. C., 516.

*Samuel Gormley* (*Thorn* with him), for defendant in error.—There is nothing in the evidence to show that the defendant did any act that in any way contributed to the accident, but that it occurred entirely from the negligence of the plaintiff in getting off the car.

When in the opinion of the Court the uncontradicted evidence does not warrant the jury in inferring negligence by the defendant as the proximate cause of an injury, the Court

should direct a verdict for him: Goshorn v. Smith, 11 Norris, 435; Phila. & Reading R. R. v. Yerger, 23 P. F. S., 121.

When there is no evidence from which negligence could reasonably be inferred, it is settled law that the jury shall not be permitted arbitrarily and without evidence to infer that there was negligence: Baker v. Fehr, 1 Out., 70; Phila. & Reading R. R. v. Schertle, Id., 450.

A municipality is not liable for injuries which are the result of nothing more than the ordinary slipperiness caused by recent snow and ice: Mauch Chunk v. Kline, 4 Out., 119; City of Erie v. Magill, 5 Id., 616; Denhart v. City of Phila., 15 W. N. C., 214; Fleming v. City of Lock Haven, 15 Id., 216.

Mr. Chief Justice MERCUR delivered the opinion of the court, October 4th, 1886.

This was an action on the case to recover damages for an injury to the person of the plaintiff. When her evidence was closed the learned judge ordered a nonsuit, which the Court refused to take off. The question therefore now is, should the case have been submitted to the jury?

The plaintiff was a passenger in a car of the defendant. In alighting therefrom she fell and received an injury. Her complaint is that the defendant did not furnish her safe and convenient means of exit as it was bound to provide. If there was no doubt of the existence of the facts complained of, yet if there be substantial doubts as to the reasonable and natural inferences to be drawn from those facts, they should be submitted to the jury: McKee v. Bidwell, 74 St. Rep., 218; Crissy v. Passenger Railway Company, 75 Id., 83. What is, or is not, negligence in a particular case is generally a question for the jury: Fritsch v. City of Allegheny, 91 Id., 226.

The defendant is a carrier of passengers for hire. As such it was its duty not only to transport them safely, but also to provide reasonably safe means for their getting on and off the car. Did it do so in this case? Under all the evidence was that a question of fact for the jury to find, or was it to be determined by the Court as matter of law?

This accident occurred on an evening in the month of February. The plaintiff testified substantially, that when she got out of the car she was carrying her child on her left arm; she tried to get hold of the dasher with the other hand; she could not do so as a passenger standing on the platform was leaning against it. There were two passengers on the platform, one on each side of the conductor, and some four or five passengers in the inside of the car. In getting down her foot slipped on the step by reason of ice thereon, and she fell and was injured.

[Neslie and Wife *v.* Passenger Railway.]

It appears there had been a storm on the previous day, but none on this day. It is alleged that this ice had been suffered to remain on the step from the previous day. It was there when she got on the car, and she slipped in getting in.

Thus there are two specific causes of complaint. The first is, that when there was ample room for all the passengers to ride in the car, the defendant permitted one to stand on the platform in such a position that she could not avail herself of the security and protection which she otherwise would have enjoyed; the other, the omission to remove from the step the ice formed during the storm of the previous day.

Under the evidence we do not think the plaintiff was so clearly guilty of contributory negligence, in the manner she got down from the platform, as to authorize the Court to declare it to be such as matter of law. Her previous knowledge of the condition of the step, and whether it was reasonably prudent for her to attempt to alight in the way and manner she did, are questions of fact for the jury.

The other contention relates to the alleged negligence of the defendant.

It may not be negligence *per se* to permit passengers to stand on the platform, yet it is frequently very annoying to all persons in getting in and out of the cars, and to ladies especially offensive. If, in this case, the defendant permitted a passenger to remain standing on the platform in such a position as to deprive the plaintiff of that reasonable support which would have protected her from injury, and did not furnish other suitable protection, we think the jury is the proper tribunal to find whether the defendant was thereby guilty of negligence.

If the ice on the step caused the plaintiff to fall, or contributed thereto, it is proper for the jury to consider whether, under all the circumstances proved, it was suffered to remain thereon for an unreasonable length of time. It may be impossible in the winter to prevent deposits on the step by falling snow, or from the feet of persons entering the car, and which in either case may result in the formation of ice. The main question in regard to this is whether it remained there for such time and in such form as to establish the negligence of the defendant, and that this negligence contributed to the injury of the plaintiff.

The evidence is sufficient to send the case to a jury with proper instructions, and the Court erred in not taking off the nonsuit.

Judgment reversed and a *procedendo* awarded.