THOMPSON v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit.   July 27, 1911.)

No. 3,577.

1. CARRIERS (§ 320*)—ACTION FOR INJURY TO PASSENGER—QUESTIONS FOR JURY.
  Evidence considered, in an action by a passenger to recover from a railroad company for an injury received by falling when leaving a car in the night. alleged to have been due to an accumulation of snow and ice on the platform and steps, and *held* sufficient to require the submission to the jury of the questions whether there was such accumulation, and also whether, if so, it was due to the negligence of the company.
  [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 320.*]

2. CARRIERS (§ 347*)—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
  That a passenger, injured by falling on the icy steps of a car from which he was alighting in the night, was carrying a grip in each hand. belonging to ladies in his charge, instead of holding to the railing with one hand, cannot be said to constitute contributory negligence as matter of law.
  [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346–1397; Dec. Dig. § 347.*]

3. NEGLIGENCE (§ 1*)—DEFINITION.
  Negligence consists in the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done.
  [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. § 1.*
  For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action at law by Charles W. Thompson against the Chicago, Milwaukee & St. Paul Railway Company.   Judgment for defendant, and plaintiff brings error.   Reversed.

Wm. H. Hallam, for plaintiff in error.

F. W. Root and Nelson J. Wilcox, for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge.   Plaintiff was a passenger on one of the defendant's trains, which left Minneapolis at 6:05 on the evening of February 15, 1910.   He rode upon the train to Farmington, where it was necessary for him to leave the train and await a later train from St. Paul through Farmington to Mapleton, plaintiff's destination.   He arrived at Farmington some time between 7 and 8 o'clock in the evening on the train which left Minneapolis.   The train from St. Paul, though due to leave St. Paul at 6:20, did not arrive at Farmington until about midnight.   He boarded this train at Farmington, and upon reaching Mapleton, in attempting to leave the car, slipped and fell, and alleges that he received certain injuries from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such fall. The cause of the fall is alleged to be the slippery condition · of the platform and steps of the car, upon which snow and ice had accumulated. Upon the trial, at the close of all the evidence, the court directed a verdict for the defendant, basing the ruling upon the fact that, from the undisputed evidence, plaintiff was guilty of contributory negligence. Plaintiff brings the case here by writ of error.

The correctness of the ruling of the court, directing a verdict for the defendant, depends upon the consideration of two questions: (1) Under the evidence, could it properly be said, as a matter of law, that defendant was not guilty of negligence? (2) Under the facts, was plaintiff, as a matter of law, guilty of contributory negligence?

[1] The alleged negligence upon the part of the defendant was permitting the platform and steps of the car to be in a slippery condition by reason of the accumulation of snow and ice, thus rendering it dangerous for passengers in leaving the car. The testimony discloses that, during the afternoon of the 15th of February, before the train left Minneapolis for Farmington, it snowed, turning into sleet, but had ceased storming and was growing very cold, at the time the train left Minneapolis. It does not appear to have been storming at Farmington, while plaintiff was there awaiting the train from St. Paul which he was to take for Mapleton. The testimony of plaintiff and several witnesses was that there was, at the time of the arrival of the train at Mapleton, an accumulation of snow and ice upon the platform and steps of the car; that he slipped and fell while attempting to descend the steps in leaving the car. The testimony of the conductor of the train, as a witness on behalf of defendant, was that the platform and steps were free from snow and ice. The car in which plaintiff rode was a vestibule car, and the end at which the passengers left the car was coupled to an ordinary smoking car, which was not vestibuled. The conductor, however, testified that the vestibule was always kept closed while the train was in motion, and that snow could not very well drift into the vestibule from the open end of the smoker.

It was for the jury to determine, from the conflicting evidence, whether there was, upon the platform and steps of the car, an accumulation of snow and ice which rendered it slippery and dangerous to passengers in alighting from the car. From the evidence it appears that Farmington was 26 miles from St. Paul; that the train which plaintiff took from Farmington to Mapleton was due to leave St. Paul at 6:20 in the evening, but did not arrive at Farmington until about midnight. It was a passenger train, consisting of three cars, a baggage car, smoking car, and the vestibule coach upon which plaintiff rode. While it does not appear from the evidence what the schedule running time over the 26 miles between St. Paul and Farmington was, from the well-known operation of passenger trains, we are justified in assuming that it was not from 6:20 in the evening until midnight, but that this train either did not leave St. Paul on time or was delayed for some reason on the way. If there was an accumulation of snow and ice upon the platform and steps of the vestibule coach, as the jury would be justified in finding, and if, as

the conductor says, the vestibule doors were always kept closed while the train was moving, and that snow and rain could not well drift in from the open end of the smoking car, then it is apparent that such accumulation of snow and ice upon the platform was the result of the vestibule doors being left open before the train started from St. Paul, or at some point intermediate between St. Paul and Farmington, where the train was delayed. The circumstances in this respect were within the knowledge of the defendant company, and no attempt was made to explain them. We think the evidence was sufficient to submit the question to the jury, not only as to whether or not the platform and steps contained an accumulation of snow and ice, but whether such accumulation of snow and ice upon the platform and steps was due to the negligence of the defendant company.

[2] It appears that the plaintiff on this trip was accompanied by his wife and the wife of his business partner. The train arrived at Mapleton about half past 2 o'clock in the morning. It was a dark night and plaintiff took the two grips belonging to the ladies, one in each hand, and started to leave the car, and just as he was leaving the platform, to descend by way of the steps, he slipped and fell. When the doors of the vestibule car are open, a rod is let down by the side of the door, to keep it open, and this rod also may be used as a handrail by passengers. It is urged that plaintiff was guilty of contributory negligence in attempting to descend from the car with a grip in each hand, knowing the slippery condition of the platform and steps.

[3] Negligence, as defined by the Supreme Court, consists in "the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done." Railroad Co. v. Jones, 95 U. S. 439, 24 L. Ed. 506. It cannot be said, as a matter of law, that an ordinarily prudent person would not do as plaintiff did—attempt to leave the car with a grip in each hand, instead of making two trips over the slippery platform and steps.

We think the evidence such that the question of negligence on the part of the defendant, and contributory negligence upon the part of plaintiff, should have been submitted to the jury, and that the court erred in directing a verdict for the defendant.

The judgment is reversed, with directions to grant a new trial.