## CHARLES T. AND ELEANOR W. McMURRAY v. TWIN CITY MOTOR BUS COMPANY.[1]

December 6, 1929.

Nos. 27,447, 27,448.

[1]Reported in 228 N. W. 154.

*Walsh, Jackson, Walsh & Yackel,* for appellant.

*Samuel A. Anderson* and *Joseph L. Nathanson,* for respondents.

TAYLOR, C.

Two actions were tried together; one brought by Eleanor W. McMurray to recover for injuries sustained in falling as she was about to alight from a bus operated by defendant, the other brought by her husband to recover for the expense incurred by him on account of such injuries. The trial resulted in verdicts for the respective plaintiffs. Defendant appealed in each case from an order denying its alternative motion for judgment non obstante or for a new trial.

Defendant, a common carrier, operates a bus line over certain streets in the cities of Minneapolis and St. Paul for the transportation of passengers. Mrs. McMurray entered a bus in the city of Minneapolis to be carried to the city of St. Paul. When about half a block from her destination she gave the usual signal that she wished to alight at the next corner. As the bus swung toward the curb and began to slow down she rose from her seat and stood at the door grasping the handrail with her right hand. The testimony as to what happened is conflicting. She states that the driver opened the door and stopped the bus with such a jerk that she was thrown out through the door upon the sidewalk; that the door was thrown open simultaneously with the jerk and before the bus had come to a full stop. She is corroborated by two 12-year old boys who were on the sidewalk. The driver and three of the four other passengers in the bus state that there was no unusual jerk; that the bus came to a full stop before the door was opened; and that Mrs. McMurray stepped through the door before she fell. It is the province of the jury to weigh the evidence and determine the facts, and we cannot say that their verdicts are without support in the record.

Defendant invokes the rule that carriers are not liable for accidents resulting from the ordinary jerks, jolts and lurches of the vehicle when operated in the usual manner and which are to be expected by a person riding in such a conveyance. But if Mrs. McMurray's assertion is true that this was such a jerk that it broke her hold on the handrail and threw her out through the door which had been opened before the bus came to a stop, this case does not come within that rule. The jury by their verdict found that her contention is true.

Defendant urges as error the failure of the court to give a requested instruction. This instruction was to the effect that defendant was entitled to a verdict unless plaintiffs proved, among other things, that the door was opened while the bus was traveling at a rapid rate of speed, and was properly refused.

Defendant also complains of one statement in the charge to the jury, but taking the charge as a whole we find no ground for criticizing it.

Defendant apparently urges as error the fact that the court made no reference to the question of contributory negligence in the original charge. The court was of opinion that there was no evidence warranting the submission of that question to the jury, and we are also of that opinion. However at the close of the charge defendant called attention to the claimed omission, whereupon the court asked for the request desired and then gave it as framed by defendant's counsel. Defendant has no ground for complaint.

We find no ground for reversal, and the orders are affirmed in both appeals.