# EVA BALL v. TWIN CITY MOTOR BUS COMPANY.[1]

January 9, 1948.

No. 34,520.

[1]Reported in 30 N. W. (2d) 523.

*Sudheimer and Matteson,* for appellant.

*C. J. Menz,* for respondent.

PETERSON, JUSTICE.

This is a personal injury action in which plaintiff claims that she was injured while alighting from one of defendant's buses by slipping on some snow and ice on the step used by passengers for getting on and off, which she alleges defendant negligently permitted to accumulate. The verdict was for defendant. Plaintiff appeals from the order denying her motion for a new trial.

The appeal presents for decision the following questions: (1) Whether, where there was a showing that a passenger on bus, having knowledge that there was an accumulation of snow and ice on a step by means of which she attempted to alight without taking hold of a handrail or bar, slipped and fell, the evidence sustained a finding that the passenger was guilty of contributory negligence, thus justifying submission of that question to the jury; (2) whether prejudice resulted from admitting in evidence a piece of new metal of the same kind as that on the tread of a bus step on which a passenger, while alighting, slipped and fell by reason of an accumulation of snow and ice thereon, where it was admitted with an explanation concerning the changes wrought by use in the step tread; (3) whether a view by the jury of a bus from which plaintiff was alighting when injured was reversible error where the court instructed the jury that the purpose of the view was to enable it to apply the evidence received in the course of the trial and not to get evidence; and (4) whether alleged error not assigned in the motion for new trial is reviewable on appeal.

The accident occurred on February 19, 1945. Defendant, a common carrier, used the bus to transport passengers between the city of St. Paul and the Twin Cities Ordnance Plant at New Brighton. Plaintiff was injured while the bus was on a trip from the plant to the city. Before the bus left the plant all snow that had been deposited on the step had been removed. The bus was loaded at the plant, after which it made a trip to St. Paul, in the course of which

it discharged some passengers, but did not take on any. At the front of the bus there was a step and a handrail or bar used for passengers getting on and off. The tread of the step was made of metal with markings on the surface and holes punched through it. At the time of the accident the surface of the tread had been worn smooth. There were two doors which extended from the top of the bus to the bottom of the step in such a way as to enclose it. The bus was heated, and it was claimed that the heater was situated so as to heat the step and cause snow to melt, thereby preventing accumulations of snow and ice from forming thereon. According to plaintiff's version, there was ice on the step which she saw before she started to alight. She testified that she took hold of the handrail and was careful to avoid falling as she stepped on the tread of the step, but notwithstanding the exercise of care she slipped on the ice and fell. One of plaintiff's witnesses, Carrie Green, testified that plaintiff did not take hold of the handrail or bar until after she started to fall. She testified:

"Q. Did you see her when she fell or partially fell, or did you see her after she had gotten into this swing position?

"A. I saw her when she was in the swing position. I wasn't so far behind, I saw when she kind. of went and she grabbed this bar. I just can't say the distance, I don't know.

"Q. What I want, she had already fallen or partly fallen when your attention was attracted to her, and I think you said that is true?

"A. Yes.

"Q. That she was in this swing position at that time?

"A. Yes, that is right.

"Q. You say she grabbed a bar at that time?

"A. She had the bar rail."

Defendant's version was that there was no snow and ice on the step at the time the accident occurred; that plaintiff slipped and fell on the icy street after she alighted; but that, if it be assumed that she slipped and fell on the step, she did so by reason of her

failure to exercise due care for her safety by failing to take hold of the handrail or bar before stepping on the snow and ice on the tread, of which she had knowledge before starting to alight.

We are not concerned here with the question of the degree of duty which defendant as a common carrier of passengers by bus owed plaintiff as a passenger. It has been assumed that it owed its passengers the same duty as other carriers of passengers such as railroads, street railways, and the like owe to their passengers.

■ A passenger of a common carrier by bus is not entitled to recover for injuries sustained as a result of the carrier's negligence if he himself was guilty of contributory negligence proximately contributing as a cause of his injuries. A passenger is guilty of contributory negligence in getting off a bus where he fails to exercise ordinary care for his own safety, and that omission is a proximate cause of his injury. Gillson v. Osborne, 220 Minn. 122, 19 N. W. (2d) 1; McMurray v. Twin City Motor Bus Co. 178 Minn. 561, 228 N. W. 154; Leban v. Range Rapid Transit Co. 167 Minn. 40, 208 N. W. 533. Ordinarily, where a passenger slips and falls by reason of an accumulation of snow and ice on a step used for getting on and off the vehicle used as the means of transportation, the question whether he was guilty of contributory negligence is one of fact. Herbert v. St. Paul City Ry. Co. 85 Minn. 341, 88 N. W. 996. The precise quantum of care and caution required by the standard of ordinary care depends upon the factual situation of the case. There are no fixed formulae by which to gauge the existence of contributory negligence. As a general proposition, a passenger is guilty of contributory negligence where he needlessly exposes himself to danger or ignores the hazards of a particular situation. Where the passenger knows of the existence of the dangerous condition, but in alighting must of necessity encounter it, he is bound to take notice of the hazards involved in doing so and to take such measures for his own safety as may be available under the circumstances. If the carrier has provided handrails or other installations for the use of passengers in getting on and off, it is a question of fact whether the passenger was guilty of contributory negligence where he failed to

make use of them to protect himself from slipping and falling while passing over the dangerous condition, whether it be an accumulation of snow and ice or a structural defect. Missouri Pacific Transp. Co. v. Robinson, 191 Ark. 428, 86 S. W. (2d) 913 (defect in tread of step) ; Connelly v. Connecticut Co. 107 Conn. 236, 140 A. 121, Rickabaugh v. Youngstown Municipal Ry. Co. 55 Ohio App. 431, 9 N. E. (2d) 900, and Neslie v. Second and Third Sts. Pass. Ry. Co. 113 Pa. 300, 6 A. 72 (cases of icy steps on streetcars) ; Thompson v. C. M. & St. P. Ry. Co. (8 Cir.) 189 F. 723 (case of icy steps on railroad cars). In cases not involving injuries caused by slipping and falling on icy steps, it has been held that failure by a passenger injured by falling to use such facilities as handrails, straps, and the like in order to steady himself was a fact to be considered in determining whether he was guilty of contributory negligence. Underdahl v. Minneapolis St. Ry. Co. 193 Minn. 548, 259 N. W. 78; Scott v. Bergen County Traction Co. 63 N. J. L. 407, 43 A. 1060 (affirmed, 64 N. J. L. 362, 48 A. 1118) ; S. C. & C. S. Ry. Co. v. Trowbridge, 163 Ky. 79, 173 S. W. 371; Werner v. C. & N. W. Ry. Co. 105 Wis. 300, 81 N. W. 416.

Here, there is no dispute as to the fact that the bus was equipped with a handrail or bar and that plaintiff, according to her own version, knew of the existence of the snow and ice on the step before she started to alight. The dispute relates to the fact whether she took hold of the handrail or bar before slipping on the snow and ice. According to her own version she did so, but according to Mrs. Green's, whether she did so is an open question. Mrs. Green's testimony is susceptible of the construction that plaintiff grabbed the "bar" after she had "already fallen or partly fallen." Mrs. Green's testimony that plaintiff had already grabbed hold of the bar when she was in the "swing position" is not necessarily inconsistent with this view, for the reason that plaintiff did not get into the swing position until after she had fallen or partly fallen. Hence, we think that the evidence presented a fact question as to whether plaintiff was guilty of contributory negligence, and, since that is true, the question was properly submitted to the jury.

■ No prejudice resulted from admitting in evidence a piece of new metal of the same kind as that on the tread of a bus step on which a passenger, while alighting, slipped and fell by reason of an accumulation of snow and ice thereon, because it was admitted with an explanation concerning the changes wrought by use in the step tread.

■ Granting a view of the bus to enable the jury to apply the evidence received during the trial was discretionary with the trial court. Since the trial court restricted the purpose of the view to that of better enabling the jury to apply the evidence received during the trial and not to getting evidence, no prejudice could result. Huyink v. Hart Publications, Inc. 212 Minn. 87, 2 N. W. (2d) 552.

■ While it is conceded that, as a general rule, granting a view is in the discretion of the court, plaintiff contends that defendant's making the request therefor in the presence and hearing of the jury put her counsel under the necessity of objecting thereto also in the jury's presence and hearing, with the consequence that thereby she was prejudiced in the minds of the jury. In support of this contention plaintiff relies upon National Box Co. v. Bradley, 171 Miss. 15, 157 So. 91, 95 A. L. R. 1500. The question is not reviewable here, for the reason that it was not assigned as error in the motion for a new trial. Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 300 N. W. 811; 1 Dunnell, Dig. & Supp. § 388a.

Affirmed.