100 So.2d 620 (1958)
Ethel THOMASON, Appellant,
v.
MIAMI TRANSIT COMPANY, a corporation, Appellee.
Supreme Court of Florida.
February 5, 1958.
Rehearing Denied March 13, 1958.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellant.
*621 Blackwell, Walker & Gray, Miami, for appellee.
THORNAL, Justice.
Appellant Thomason, who was plaintiff below, seeks reversal of a final judgment in favor of appellee Miami Transit Company based on a jury verdict in an action for damages allegedly resulting from the negligence of the appellee.
The principal point to be determined is whether the evidence was sufficient to justify an instruction on the alleged contributory negligence of the appellant.
Appellant Thomason was a fare-paying passenger on a bus operated by appellee Miami Transit Company. In preparing to leave the bus at a bus stop, appellant arose from her seat, stationed herself next to the rear door and pushed the button to signal to the driver her desire to disembark. The door was of the folding type which was operated by a mechanism completely under the control of the driver. When she gave the signal a second time, she testified, the doors opened and, as she proceeded through, they suddenly slammed shut on her right leg and body. Evidently this caused the folding doors to remain ajar and appellant then stepped to the ground, as she testified, "hard on my right foot." When a small child, appellant had suffered infantile paralysis and as a result walked with a slight limp. The bus driver testified that he knew nothing about the alleged accident.
Other than a witness whose deposition was submitted on rebuttal, appellant herself was the only witness who could testify directly as to the occurrence. There was a sharp conflict on the extent as well as the cause of appellant's injury which she alleged to be a rupture of an intervertebral disc. The appellee also brought out that the edges of the folding doors were well padded with a rubber material that was intended to prevent any servious injury from the folding of the doors and further that according to their mechanics it was mechanically impossible for the doors to slam shut suddenly and severely.
The case was tried on the issues of negligence and contributory negligence with the related element dealing with the proposition that the injury alleged did not result from this accident. Among other things the trial judge instructed the jury on the subject of the contributory negligence of the plaintiff. There were numerous other instructions which will be considered hereafter. The jury returned a verdict for appellee transit company. The trial judge entered a final judgment pursuant to the verdict. Reversal of this judgment is now sought.
It is the principal contention of the appellant that there is no record justification for the instruction on contributory negligence and that her objections to such instruction as well as her motion to eliminate the defense from the consideration of the jury should have been sustained.
The appellee contends that the record establishes that it was guiltless of any negligence and further that there was some basis on which the jury could find for the appellee on the issue of contributory negligence.
In arriving at the conclusion which we hereafter reach we do so with full regard for the usual reluctance of this court to disturb a jury verdict when the issues have been fairly presented, and especially so when the trial judge has denied a motion for a new trial. However, we have searched the record diligently in an effort to find evidence of contributory negligence on the part of this appellant which would justify taking this defense to the jury under instructions by the court.
When we consider the high degree of care imposed upon a common carrier for the safety of its passengers, try as we may in our effort to accord to the judgment of the court below its full measure of presumed correctness, we are unable to locate *622 in this record any evidence of contributory negligence on the part of the appellant bus passenger. In this connection, incidentally, we recognize the duty of the passenger to exercise a reasonable degree of care for her own safety. Even so, in the instant case it appears to us that the record is devoid of any evidence of the failure of the plaintiff to exercise reasonable care for her own safety or of her commission of any act inconsistent with the degree of care imposed upon her as a passenger.
It may be that the jury turned its ultimate decision on some of the other issues involved. They could have concluded that the appellee was guilty of no negligence or that the negligence, if any, was not the proximate cause of the injury alleged. At the same time when the cause was erroneously submitted to the jury on the issue of contributory negligence then at the appellate level we have no way of ascertaining whether or not the jury undertook to evaluate the conduct of the parties in the light of the instruction on contributory negligence and returned its verdict accordingly. To say the least, if there was no evidence on contributory negligence, and we have found that there was none, an instruction on the subject and the depositing of the problem with the jury for decision would be most confusing and potentially misleading.
We think our decision in the instant case must be controlled by Rogers v. Orlando Transit Co., Fla. 1954, 70 So.2d 551. See also Ball v. Twin City Motor Bus Co., 225 Minn. 274, 30 N.W.2d 523, 9 A.L.R.2d 933, annotation at page 938.
We have also considered the other errors assigned by the appellant. We have the view that the trial judge committed no error in instructing the jury that the mere happening of an accident raises no presumption of negligence. We do not consider this a case for the application of the doctrine of res ipsa loquitur. Appellant contends that the occurrence of the accident might create a justifiable inference of negligence. While this may be true under some circumstances, we detect a distinction between a situation that would create a "presumption" as distinguished from circumstantial evidence that would justify an "inference." The creation of a presumption would have the effect of making a prima facie case without more. The creation of an inference merely enables the jury to draw the inference and weigh it in the balance with all of the other evidence.
Over the objection of appellant the trial judge instructed the jury on the subject of an unavoidable accident. We find no basis here for concluding that the judge was wrong in giving this instruction. We have considered the other alleged errors in instructions by the trial judge but when we relate them to the overall charges we do not find any justification for reversing the judgment on these points.
On the principal question discussed, however, the judgment will have to be reversed and the cause remanded for new trial.
TERRELL, C.J., and HOBSON, DREW and O'CONNELL, JJ., concur.