774 So.2d 36 (2000)
Johnnie F. HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1704.
District Court of Appeal of Florida, Second District.
October 6, 2000.
Rehearing Denied November 27, 2000.
James Marion Moorman, Public Defender, and Gina E. Caruso, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Johnnie F. Howard appeals his convictions for four counts of aggravated battery and the four consecutive sentences imposed upon him as a prison releasee reoffender. We find merit in only one of the issues raised by Mr. Howard.
The charges against Mr. Howard all arose out of one criminal episode in which he attacked his two brothers. Viewing the evidence presented in its entirety, we conclude there was insufficient evidence to sustain Mr. Howard's convictions for the third and fourth counts of aggravated battery as offenses separate and distinct from the first and second counts. As a result, we reverse the convictions and sentences on counts 3 and 4. Because the sentences imposed upon Mr. Howard for counts 1 and 2 were imposed upon him as a prison releasee reoffender, and thus were not based upon a guidelines calculation, this decision does not affect those sentences.[1]
*37 Reversed and remanded as to counts 3 and 4 only.
PATTERSON, C.J., and ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] Mr. Howard also argues that the Prison Releasee Reoffender Punishment Act is unconstitutional for a variety of reasons. See ch. 97-239, Laws of Fla., codified in part in § 775.082(8), Fla. Stat. (1997). The supreme court, however, has held that the Act does not violate the separation of powers, cruel or unusual punishment, due process, or equal protection clauses, and that the Act is not overbroad. See State v. Cotton, 769 So.2d 345 (Fla. June 15, 2000), revised by 25 Fla. L. Weekly S536 (Fla. June 28, 2000). This court has held that the Act does not violate the single-subject rule, is not an ex post facto law, and that a sentence as both a prison releasee reoffender and a habitual felony offender does not violate the prohibition against double jeopardy. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), review granted, 761 So.2d 329 (Fla.2000).