890 So.2d 1167 (2005)
Richard C. FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-77.
District Court of Appeal of Florida, Fifth District.
December 23, 2004.
Rehearing Denied January 21, 2005.
*1168 Richard C. Fletcher, Indiantown, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Richard Fletcher appeals the denial of his Rule 3.850 motion for postconviction relief following an evidentiary hearing. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
Following a negotiated no contest plea, Fletcher was convicted of dealing in stolen property. In exchange for the plea, Fletcher admitted that he stole a food processor and a lamp from his parent's home and traded it for crack cocaine. Pursuant to the plea agreement, Fletcher was sentenced to eight years in prison. Fletcher appealed, and this court affirmed. See Fletcher v. State, 744 So.2d 1011 (Fla. 5th DCA 1999).
Fletcher then filed his Rule 3.850 motion for postconviction relief, alleging that his plea was involuntary and his counsel was ineffective. Specifically, the motion alleged that his plea was involuntary because his defense counsel, Robert Vest, should have advised him of certain defenses available under the facts of his case to the charged crimes. Fletcher further alleged that his plea was involuntary because his counsel failed to adequately investigate whether his voluntary ingestion of crack cocaine and prescription medication, coupled with a head injury, would have been a basis to suppress his incriminatory admissions to the police.
The trial court denied Fletcher's first claim for relief, but granted an evidentiary hearing on Fletcher's claim of ineffective assistance of counsel. Fletcher requested the appointment of postconviction counsel, which the trial court initially denied. However, the trial court subsequently sua sponte appointed the Office of the Public Defender to represent Fletcher at the evidentiary hearing, despite the fact that Fletcher's allegations of ineffective assistance of counsel were made against an attorney who was, at the time he represented Fletcher, employed by the Office of the Public Defender.
At the evidentiary hearing, Fletcher's attorney, Assistant Public Defender James Edward Jacobs, argued that the court should appoint conflict-free counsel to represent Fletcher in the postconviction proceedings since Fletcher's trial counsel, Vest, had also worked in the Office of the Public Defender. The State objected, arguing that no counsel should be appointed to represent Fletcher.
The court ruled that it did not believe that there was a conflict since Vest was no longer a member of the Office of the Public Defender. The court also determined that the issue was relatively simple and could be cleared up with a review of the plea transcripts:
THE COURT: First of all, I don't think that you have a conflict. Mr. Vest is no longer a member of the public defender's office. It's actually a fairly simple question as to whether or not Mr. Fletcher conveyed information to his attorney that would have supported a good faith basis for even an investigation *1169 of whether or not there was a motion to suppress that should be filed concerning his statements.
Secondly, the question would be whether or not based on the plea that a motion to suppress would have been dispositive of the case.
MR. JACOBS: Was this a plea case, Judge?
MR. FRANCE [THE STATE]: Yes, sir.
MR. JACOBS: Well, then wouldn't the plea merge any factual dispute in terms of suppression? That's my understanding of the current status of the law, if that's the case.
MR. FRANCE [THE STATE]: The plea dialogue should be sufficient if it does state  if the defendant did state that he had discussed available defenses with his attorney and had time to speak with his counsel.
The court then asked Fletcher about the allegations made in this Rule 3.850 motion. Fletcher testified that his incriminating statements to the police should have been suppressed because when he was questioned, he was home suffering from a head injury, and was under the influence of crack cocaine and prescription medication, which his defense counsel knew. Thus, Fletcher felt that he did not know what he was doing when he told the police that he "traded" the items for crack cocaine. The court then denied ground two of Fletcher's motion, finding that it was legally insufficient and not dispositive of his case in light of his negotiated plea. This appeal followed.
We conclude the trial court erred in determining that ground two of Fletcher's Rule 3.850 motion was legally insufficient. Properly framed, the issue below was not whether the entry of the no contest plea precluded an attack on the admissibility of the incriminatory statements; rather, it was whether Fletcher's counsel failed to investigate facts that would have supported a motion to suppress the incriminating statements he gave to the police, and whether his counsel should have filed a motion to suppress. Fletcher alleges that he would not have entered a plea in the absence of these alleged failures. That was enough to merit a hearing. See Stano v. State, 520 So.2d 278, 280 (Fla.1988); Lester v. State, 773 So.2d 1188, 1190 (Fla. 2d DCA 2000); Fortner v. State, 538 So.2d 85, 86 (Fla. 2d DCA 1989) (holding that the allegation in the context of a plea that trial counsel failed to move to suppress an incriminating statement constituted a facially sufficient claim).
Further, the plea colloquy does not conclusively refute this claim. While the plea transcript reflects that Fletcher stated that his defense counsel had discussed possible defenses with him, there is nothing to show that Fletcher was made aware of a potential suppression issue prior to entering his plea. As a result, we conclude that the trial court erred when it found this ground to be legally insufficient. See Jenrette v. State, 761 So.2d 414 (Fla. 2d DCA 2000) (holding defendant did not waive claim of ineffective assistance of counsel by pleading guilty, where he alleged he would not have pleaded guilty if his counsel had moved to suppress his confession; a trial attorney's failure to investigate a defense, which results in an ill-advised guilty plea, is a sufficient attack upon a conviction); Cambrick v. State, 593 So.2d 613, 614 (Fla. 2d DCA 1992) (stating that allegations by defendant on rule 3.850 motion that counsel should have moved to suppress confession, which defendant allegedly gave to police only after they dishonored his request to consult attorney and falsely promised that he would not be prosecuted if he agreed to cooperate, were sufficient to *1170 raise ineffective assistance of counsel claim).
Additionally, Fletcher requested the appointment of postconviction counsel, which the court ultimately granted. However, the court appointed the Office of the Public Defender to represent Fletcher in the postconviction proceedings. This was error. While there is no right to counsel in postconviction proceedings, see Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995) (reaffirming the principle that there is no absolute right to appointment of counsel in a postconviction proceeding), once the court determined that Fletcher was entitled to counsel, it should have appointed conflict-free counsel. See generally Padgett v. State, 743 So.2d 70, 73-74 (Fla. 4th DCA 1999) (determining that once it becomes clear that a defendant and his counsel had "taken adversarial positions concerning what had actually happened while counsel was advising his client concerning the plea," the defendant was entitled to conflict-free counsel); see also Lewis v. State, 812 So.2d 597, 598 (Fla. 1st DCA 2002) (indicating defendant entitled to appointment of conflict-free counsel to assist in pursuing motion to withdraw plea); Toliver v. State, 737 So.2d 1142, 1143 (Fla. 1st DCA 1999).
Accordingly, we reverse the trial court's order denying Fletcher's Rule 3.850 motion and remand with directions that Fletcher receive a new hearing on ground 2 with conflict-free counsel.
REVERSED and REMANDED.
PLEUS and TORPY, JJ., concur.