PER CURIAM.
 

 Derrick Clemmons appeals an order that summarily denies his motion for postconviction relief filed pursuant to Florida Rule of Criminal procedure 3.850. We affirm the summary denial of appellant’s second ground of his motion without discussion. Appellant’s first ground alleges that the prosecutor knowingly presented false testimony against him at trial. This is known as a
 
 Giglio
 

 [1]
 

 violation. “To establish a
 
 Giglio
 
 violation, it must be shown that: (1) the testimony given was false; (2) the prosecutor knew the testimony was false; and (3) the statement was material.”
 
 Guzman v. State,
 
 868 So.2d 498, 505 (Fla. 2003) (citing
 
 Ventura v. State,
 
 794 So.2d 553, 562 (Fla.2001)). Appellant has failed to sufficiently allege a
 
 Giglio
 
 violation in his postconviction motion or initial brief; thus, his claim is facially insufficient. However, appellant was not given an opportunity to amend this claim pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007). Therefore, we reverse the summary denial of appellant’s first ground and remand for the postconviction court to strike the claim with leave to amend.
 

 Affirmed in Part; Reversed in Part; and Remanded.
 

 WARNER, TAYLOR and HAZOURI, JJ., concur.
 

 [1]
 

 .
 
 Giglio v. United States,
 
 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed,2d 104 (1972).