SILBERMAN, Judge.
 

 Johnnie F. Howard seeks review of the final order denying his motion for postcon-viction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. Howard’s pro se motion and amended motion raised thirty-five claims, and he filed a supplement raising two additional claims. The postconviction court summarily denied twenty-five of these claims and denied the remaining twelve claims after an evidentia-ry hearing. We affirm the summary deni
 
 *776
 
 al of Howard’s claims with the exception of claims 13B, 20, 27, and 30. We reverse the denial of those claims and remand with directions for the court to strike the claims with leave to amend in accordance with
 
 Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007). We do not reach the merits of the claims that were denied after an evidentia-ry hearing because we must reverse and remand for a new evidentiary hearing at which Howard is appointed conflict-free counsel.
 

 A jury convicted Howard of four counts of aggravated battery after the State presented evidence that Howard attacked his two brothers, Allan Howard and Rex Pearson, in their mother’s home. On direct appeal, this court reversed two of the four counts, one against each brother.
 
 See Howard v. State,
 
 774 So.2d 36 (Fla. 2d DCA 2000). Mandate issued on January 2, 2001, and Howard placed his first postcon-viction motion in the hands of prison officials on December 30, 2002. Howard subsequently filed an amended motion and a supplement.
 

 I.
 
 Summarily Denied Claims
 

 In claim 13B of his postconviction motion, Howard argued that trial counsel was ineffective for failing to impeach victim Rex Pearson with a notation in Pearson’s medical report that he sustained his injuries at 11:00 p.m. Howard claims that this evidence would have shown that Pearson did not sustain his injuries at around 5:00 or 6:00 p.m. as he testified in pretrial depositions. The postconviction court properly denied relief on this claim based on its finding that Howard failed to allege the specific trial testimony of Pearson that would have been impeached. However, because this claim was denied as facially insufficient, the court should have stricken the claim with leave to amend within a specific period of time.
 
 See Spera,
 
 971 So.2d at 761.
 

 In claim 20, Howard argued that trial counsel was ineffective for failing to object to confusing jury instructions and a misleading verdict form. The postconviction court properly denied relief on this claim based on its finding that Howard failed to allege the specific deficiencies in the jury instructions and verdict form.
 
 See Griffin v. State,
 
 866 So.2d 1, 14-15 (Fla.2003). However, because the claim was facially insufficient, the court should have stricken the claim with leave to amend within a specific period of time.
 
 See Spera,
 
 971 So.2d at 761.
 

 In claim 27, Howard argued that trial counsel was ineffective for failing to object or move for a mistrial when the prosecutor made improper closing arguments. The postconviction court properly denied relief on this claim based on its finding that Howard failed to identify the specific comments to which he objects and the basis for the objection. However, because the claim was facially insufficient, the court should have stricken the claim with leave to amend within a specific period of time.
 
 See Spera,
 
 971 So.2d at 761;
 
 Baldwin v. State,
 
 978 So.2d 257, 258 (Fla. 2d DCA 2008).
 

 In claim 30, Howard argued that the State knowingly used false testimony to obtain a conviction. Howard argues that the State should have known the witnesses’ testimony was false due to inconsistencies in pretrial statements. The postconviction court denied relief based on its finding that it was up to the jury to determine the witnesses’ credibility. However, it appears that Howard was trying to state a
 
 Giglio
 

 [1]
 

 violation. If so, the claim was facially insufficient.
 
 See Clemmons v.
 
 
 *777
 

 State,
 
 1 So.3d 1256, 1256 (Fla. 4th DCA 2009). However, the court should have stricken the claim with leave to amend within a specific period of time.
 
 Id.
 

 II.
 
 Conñict-Free Counsel
 

 Some time after Howard’s trial, Howard’s assistant public defender, Ursula Richardson, went to work for the State Attorney’s office. Prior to the evidentiary hearing, Howard prepared a motion to “withdraw and terminate counsel,” in which he alleged that his newly-appointed assistant public defender had failed to properly prepare for the hearing, was not diligently pursuing the matter, was not keeping Howard advised as to what she was doing, and was not doing what Howard asked. Howard claimed that he had a conflict of interest with the entire Public Defender’s Office because Richardson had worked there and because he had filed bar complaints against other attorneys with the Public Defender’s Office.
 

 When Howard asked for conflict-free counsel in court, the court replied, “[Y]ou can represent yourself if you want ... I can give you counsel if you want counsel or you can represent yourself if you want to. You are not entitled to counsel, at this juncture, I’m just doing it for you. Do you want a lawyer, yes or no?” Howard answered that he did not want anyone from the Public Defender’s Office, and the court replied, “Fine. You can represent yourself.” The court relieved the Public Defender’s Office, and Howard proceeded pro se through the evidentiary hearings until counsel was appointed to help him prepare his final written argument.
 

 On appeal, Howard argues that the postconviction court erred in denying his request for conflict-free counsel because his position in the postconviction motion was adverse to former assistant public defender Richardson. The Public Defender’s Office has a conflict precluding representation of a defendant who files a motion for postconvietion relief containing allegations of ineffective assistance of a public defender that require an evidentiary hearing.
 
 Adams v. State,
 
 380 So.2d 421, 422 (Fla.1980).
 

 The issue before the postconviction court in this case was whether the Public Defender’s Office has such a conflict when the assistant public defender that is the subject of the postconviction motion is no longer with the Public Defender’s Office. Howard correctly argues that
 
 Fletcher v. State,
 
 890 So.2d 1167 (Fla. 5th DCA 2004), is squarely on point. In
 
 Fletcher,
 
 as in this case, the petitioner requested conflict-free counsel to represent him at an eviden-tiary hearing on his postconviction motion alleging ineffective assistance of counsel.
 
 Id.
 
 at 1168. The postconviction court denied the request based on its finding that the petitioner’s trial counsel was no longer with the Public Defender’s Office. The Fifth District reversed, finding that the petitioner was entitled to conflict-free counsel.
 
 Id.
 
 at 1170. The court explained, “While there is no right to counsel in postconviction proceedings, once the court determined that Fletcher was entitled to counsel, it should have appointed conflict-free counsel.”
 
 Id.
 
 (citation omitted).
 

 The State recognizes that the holding in
 
 Fletcher
 
 is squarely on point but argues that it was improperly decided. The State claims that the Fifth District failed to make the required findings with regard to actual conflict as set forth by the supreme court in
 
 Hunter v. State,
 
 817 So.2d 786 (Fla.2002). However, the issue in
 
 Hunter
 
 was whether the petitioner had established a claim of ineffective assistance of counsel for representing the petitioner at trial under a conflict of interest.
 
 Id.
 
 at 791. The alleged conflict of interest arose because the petitioner’s trial counsel had previously
 
 *778
 
 represented one of the State’s witnesses. In order to establish ineffective assistance of counsel, the petitioner was required to show an actual conflict of interest that adversely affected the performance of counsel.
 
 Id.
 

 Hunter
 
 is not applicable to this case, which does not concern a claim of ineffective assistance of counsel for representing a defendant at tidal under a conflict of interest. Instead, under
 
 Fletcher,
 
 Howard was entitled to conflict-free counsel from outside the Public Defender’s Office because the court had determined that Howard was entitled to counsel and his former assistant public defender was the subject of his postconviction motion. Accordingly, the postconviction court erred in declining to appoint conflict-free counsel to represent Howard at the evidentiary hearing.
 

 In conclusion, we affirm the summary denial of Howard’s claims with the exception of claims 13B, 20, 27, and 30. We reverse the denial of those claims and remand with directions for the court to strike the claims with leave to amend within a specific period of time as set forth in
 
 Spera.
 
 We also reverse the denial of the remainder of Howard’s claims after an evi-dentiary hearing and remand for a new evidentiary hearing at which Howard is appointed conflict-free counsel.
 

 Affirmed in part; reversed in part; remanded.
 

 FULMER and DAVIS, JJ„ Concur.
 

 [1]
 

 .
 
 Giglio v. United States,
 
 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).