SUAREZ, J.
 

 The State of Florida appeals from the trial court’s order granting Maykel Avila’s Motion to Vacate Guilty Plea and Conviction claiming that the trial court did not advise him of the immigration consequences of his guilty plea. The trial court granted the motion, finding that the State did not carry its burden of proving that the plea colloquy did inform Avila of the consequences of a guilty plea. We reverse and remand as the burden of proof was on the defendant to prove that the colloquy did not inform him of the consequences of the plea, and the defendant has not met his burden.
 

 In January 2002, Avila was charged with armed burglary, possession of burglary tools, and third-degree grand theft. He entered into a plea agreement and was sentenced to 364 days in the Miami-Dade County jail and three years of probation, including completion of boot camp.
 

 In 2008, Avila filed a motion to vacate the guilty plea and conviction claiming that, during his plea hearing, the court failed to advise him of the immigration consequences of his guilty plea. The trial transcript was filed but does not contain the plea colloquy.
 

 An evidentiary hearing was conducted in May 2009, wherein both Avila and the trial judge who presided over the 2002 case and plea colloquy in question testified. The trial judge testified that he had been on the bench since 1996, including nine consecutive years in criminal court at both the county and circuit levels. He identified his signature and his notes on the plea agreement and testified that he remembered the case. He testified that he gave the same plea colloquy in every case, which included the warning about immigration consequences of pleading guilty. He testified that he could not state with absolute certainty that, in this particular case, he gave the standard plea colloquy that included the warning, but that it was his habit and routine practice in every plea colloquy to advise the defendant of possible deportation consequences of entering into a plea of guilty.
 

 Avila testified that he generally did not remember the plea hearing or the questions asked of him. He admitted that he did not remember if the judge had given him the immigration warning and that it was possible he was not listening.
 

 The trial court found that Avila’s testimony at the evidentiary hearing was not credible as his answers were evasive. The trial court found that the testimony of the trial court judge at the 2002 hearing was credible and that it was established that his routine practice was to give the immi
 
 *938
 
 gration warning as part of every plea colloquy. But, the trial court then held that the State had the burden of proving that the proper plea instructions were given, and that the individual habit of the trial judge only created an inference that required corroboration before the burden could shift to the defendant to prove otherwise. The trial court then vacated the guilty plea and conviction, noting that the State did not meet its burden with sufficient evidence. We reverse and remand, as the burden of proof lies with the defendant to first prove that the plea colloquy was not given before any burden shifts to the State. Avila failed to meet this required burden.
 

 In disputing whether a deportation warning had been given in a plea colloquy, the burden of proof falls on the defendant, and he is required to demonstrate in his motion how he will prove that the warning was not given.
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006) (“[T]he defendant must state in the rule 3.850 motion how he or she will prove that the immigration warning was not given.... Absent conclusive evidence of a violation, the trial court has discretion to deny relief.”).
 
 See also Buton v. State,
 
 995 So.2d 1130 (Fla. 4th DCA 2008) (holding that the trial court has discretion to deny a motion to vacate based on lack of deportation warning where there is no conclusive evidence because the transcript is unavailable, and the notes have been destroyed). In
 
 State v. Sinclair,
 
 995 So.2d 621, 622 n. 2 (Fla. 3d DCA 2008), this Court stated that the trial court erred in summarily finding that the defendant was not given the immigration warning as there was no hearing transcript or other evidence to conclusively support the defendant’s contention. Not only was Avila not able to provide a transcript, but he could present no evidence as he testified that he had no recollection of the plea colloquy and could not testify that the immigration warning was not given. Counter that with the testimony of the trial judge at the 2002 hearing, which this trial judge found credible, stating that he believed the warning was given to Avila. Therefore, Avila failed to carry his burden of proof and the motion should have been denied. That alone is enough to reverse and remand.
 

 The testimony of the trial judge from the 2002 hearing, of his habit and routine in giving an immigration warning in a plea colloquy, creates an inference which can be considered by the trier of fact without corroborative evidence.
 
 See Thomason v. Miami Transit Co.,
 
 100 So.2d 620, 622 (Fla.1958) (“The creation of an inference merely enables the jury to draw the inference and weigh it in the balance with all the other evidence.”);
 
 see also Lumbermens Mut. Cas. Co. v. Alvarez,
 
 443 So.2d 279 (Fla. 3d DCA 1983) (holding that testimony as to routine practice establishes no presumption that it was followed in a particular instance, but is nonetheless sufficient to support an inference by the trier of fact that the practice was followed on the particular occasion in question). Here, the 2002 trial judge’s testimony was enough, without corroboration, for the court to consider and weigh.
 

 We reverse and remand.