PER CURIAM.
Defendant, Andre Hall, appeals the denial of his petition for writ of habeas corpus filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. We reverse and remand.
Defendant filed a habeas petition seeking an order to vacate his judgment. The grounds asserted in support of his request were that a detective provided false testimony about the Miranda[1] warning that was administered, and presented a fraudulent Miranda warning card during a suppression hearing, which affected the outcome of his trial. He further asserted that the prosecutor participated in this deception.
The court denied the petition based on the State’s argument that Defendant’s claims could have been raised in a rule 3.850 motion, and that the petition did not contain all of the information required under Florida Rule of Criminal Procedure 3.850(c).
*1117 Courts have consistently held that the proper procedure for collaterally attacking a judgment and sentence in Florida is a motion for postconviction relief. See, e.g., Baker v. State, 878 So.2d 1236 (Fla.2004); Leichtman v. Singletary, 674 So.2d 889, 892 (Fla. 4th DCA 1996) (holding that the failure to exhaust post-conviction remedies, when it appears that such remedy would be adequate, precludes habeas relief); Patterson v. State, 664 So.2d 31 (Fla. 4th DCA 1995). Therefore, we agree that habeas relief was not appropriate in light of the relief requested.
Nevertheless, the court could have considered the claim under rule 3.850 because it was filed within the two-year window for seeking relief under the rule. See Watts v. State, 985 So.2d 21 (Fla. 2d DCA 2008). Moreover, Defendant’s motion appears to contain an insufficient Giglio[2] claim. See Clemmons v. State, 1 So.3d 1256 (Fla. 4th DCA 2009) (noting that an allegation that a prosecutor knowingly presented false testimony against him at trial is known as a Giglio violation). Defendant alleged that a witness gave false testimony and that the prosecutor knew the testimony was false. Because Giglio violations may be raised in motions for postconviction relief, the trial court should have stricken the motion and given Defendant an opportunity to amend. See Clemmons, 1 So.3d at 1256; Robinson v. State, 65 So.3d 75 (Fla. 2d DCA 2011). Therefore, we reverse and remand for the lower court to strike with leave to amend.

Reversed and Remanded.

MAY, C.J., POLEN and DAMOORGIAN, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694(1966).

. Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).