PER CURIAM.
Appellant, Lennie Rodgers, appeals the dismissal of a postconviction motion challenging his conviction and sentence, which he entitled “Writ of Habeas Corpus for Illegal Detainment and Ineffective Assistance of Counsel by Deprivation of Constitutional Rights.” The gist of his motion was that his trial counsel was ineffective for not attempting to suppress statements obtained from a recording device during a sting inside his home and for advising him to enter a plea. Because we find no jurisdictional problem with the circuit court’s ability to review the merits of Mr. Rodgers’ motion, we reverse and remand.
It appears that the trial court dismissed the case below ostensibly because Mr. Rodgers mislabeled his pleading as a motion for “writ of habeas corpus.” Mr. Rodgers’ motion did not actually constitute a genuine habeas petition, however, because he was challenging his conviction and sentence, not his detention. Postcon-viction relief from a conviction and sentence are appropriately sought by filing a motion under Florida Rule of Criminal Procedure 3.850. But it is not typically fatal, or a jurisdiction problem, to mislabel *1145 the motion. In fact, circuit courts routinely “convert an improperly filed habeas corpus petition into a [Rule] 3.850 motion.” Razz v. State, 828 So.2d 433, 434 (Fla. 1st DCA 2002); Hall v. State, 85 So.3d 1116, 1117 (Fla. 4th DCA 2012) (“the court could have considered the claim under rule 3.850 because it was filed within the two-year window for seeking relief under the rule.”); Watts v. State, 985 So.2d 21, 22 (Fla. 2d DCA 2008) (concluding that “the circuit court should have treated [a habeas corpus] petition as a motion for postconviction relief, despite its improper title.”). See also Art. V, § 2(a), Fla. Const. (requiring court rules prohibiting cases from being dismissed because an improper remedy has been sought).
In addition, Mr. Rodgers has filed in the correct court. Because Mr. Rodgers was convicted and sentenced in circuit court in Washington County less than two years before filing his motion there, no jurisdictional bar appears on the face of the record that prevents the circuit court from reviewing his motion. See, e.g., Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996) (noting that the county where the plea was accepted and not county of incarceration has jurisdiction to hear a collateral challenge). See also Zuluaga v. State, Dept. of Corr., 32 So.3d 674, 677 (Fla. 1st DCA 2010) (noting that Rule 3.800(a) allows a court to correct an illegal sentence “imposed by it”).
For these reasons, we reverse the order dismissing for lack of jurisdiction and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LEWIS, C.J., THOMAS, and OSTERHAUS, JJ., concur.