# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1795
Lower Tribunal No. F21-21053B

————————————

**Ernesto Cordero,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, David Young, Judge.

Ernesto Cordero, in proper person.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before MILLER, LOBREE, and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Snodgrass v. State, 837 So. 2d 507, 508 (Fla. 4th DCA 2003) ("Where a motion to withdraw a plea occurs after sentencing, the appellant has the burden of proving that a manifest injustice has occurred.") (emphasis in original) (quotation omitted); State v. Avila, 43 So. 3d 936, 937 (Fla. 3d DCA 2010) (holding the defendant carries the burden of proof to show "the colloquy did not inform him of the consequences of [his] plea"); Fletcher v. State, 890 So. 2d 1167, 1169 (Fla. 5th DCA 2004) (noting postconviction relief is proper where the plea colloquy conclusively refutes the claim); Maxwell v. State, 383 So. 3d 892, 895–96 (Fla. 1st DCA 2024) ("Pleas do not occur after disposition in a criminal case. . . .  To say that a trial court took a plea from a defendant after disposition of a criminal case—regardless of whether adjudication has been withheld—makes no sense because, at that point, the defendant's guilt as to the criminal charges in the case had already been formally determined.") (emphasis in original).