PER CURIAM.
Ronald Keehn seeks a writ of prohibition barring the circuit court from proceeding with trial on felony charges in violation of the speedy trial rule. All parties agree that the rules in effect prior to the 1985 amendment of Florida Rule of Criminal Procedure 3.191 apply. State v. Green, 473 So.2d 823 (Fla. 2d DCA 1985).
Keehn was arrested in Hillsborough County April 21, 1984. In early August he was released from jail on his own recognizance. Upon leaving jail he listed a Tampa address. Shortly thereafter he moved to his parents’ residence in Kentucky, but he mailed the clerk of the circuit court notice of this change of address, using a form that had been furnished to him for that purpose. An information was filed August 27, 1984, and arraignment scheduled for September 5. Notice of the arraignment inadvertently was mailed only to the Tampa address, and was returned as undeliverable. Because Keehn did not appear at the arraignment a warrant issued for his arrest. He was apprehended in February 1986 and, since the speedy trial period had long since expired, he moved for discharge.
The trial court, denying the motion for discharge, stated that Keehn “failed to give his correct home address upon release from county jail.” The state, responding to the present petition, added that Keehn “arranged matters so he would not get notice.” The record supports neither conclusion. There is no indication that the trial court, releasing Keehn from jail in August 1984, placed any restrictions upon Keehn’s movement. Rather, Keehn, by mailing the change of address form in timely fashion, appears to have done everything requested of him. As the trial court prosecutor candidly, and commendably, conceded, Keehn’s failure to appear at arraignment was the result of clerical error. Consequently, he was available for trial. Clinton v. State, 451 So.2d 893 (Fla. 3d DCA 1984); Fla.R.Crim.P. 3.191(e).
The petition for writ of prohibition is granted and this case is remanded to the *316 circuit court with directions to discharge the petitioner.
DANAHY, C.J., and FRANK and HALL, JJ., concur.