538 So.2d 85 (1989)
Kenneth M. FORTNER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3534.
District Court of Appeal of Florida, Second District.
February 3, 1989.
*86 PER CURIAM.
Kenneth Fortner appeals the summary denial of his motion for postconviction relief.
Of the several grounds set out in the motion, only one presents a prima facie showing of entitlement to relief. Fortner, convicted of eight armed robberies and one unarmed robbery, claims to have received ineffective assistance from his trial attorney. Specifically, Fortner alleges that after his arrest he was questioned by deputies in spite of his request to consult an attorney and for medical treatment for drug withdrawal symptoms. Neither demand was honored until he "cooperated," in this instance by confessing his involvement in the offenses and accompanying the deputies on a tour of all the businesses he had robbed. Finally, Fortner claims that counsel was apprised of these facts but nevertheless failed to move the suppression of the incriminating evidence. If these allegations are true, this could have constituted ineffective assistance. Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986).
The trial court's order and accompanying exhibits do not conclusively refute this claim. They demonstrate only that Fortner's cooperation with police was cited by counsel in mitigation, after counsel had negotiated a no contest plea, and do not address what may have prompted that cooperation or whether counsel's investigation and advice to Fortner were adequate. Accordingly, we must remand this case for further proceedings in accordance with Florida Rule of Criminal Procedure 3.850.
The trial court otherwise correctly found that Fortner's motion was without merit and its order is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
LEHAN, A.C.J., and HALL and THREADGILL, JJ., concur.