593 So.2d 613 (1992)
Vincent Gale CAMBRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04054.
District Court of Appeal of Florida, Second District.
February 14, 1992.
*614 PER CURIAM.
Vincent Cambrick appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
Cambrick maintains that he received ineffective assistance from his trial attorney. Six separate omissions are cited. Of these, three are either facially insufficient or are conclusively refuted by the attachments appended to the trial court's order. However, we believe that further proceedings are warranted with respect to the three remaining claims.
First, Cambrick asserts that counsel should have moved to suppress a confession which Cambrick alleges he gave to police only after they dishonored his request to consult an attorney and falsely promised that he would not be prosecuted if he agreed to cooperate. This claim does not appear to have been addressed in the trial court's order. If these facts are true, it is possible that counsel did render ineffective assistance. See, e.g., Fortner v. State, 538 So.2d 85 (Fla. 2d DCA 1989).
The second claim is that Cambrick was led to believe he would receive guideline sentences, all running concurrent, if he entered pleas in several pending felony cases. Instead, he was sentenced as a habitual offender in some of the cases, and certain of the sentences are consecutive to others. This claim is couched in terms of ineffective counsel because counsel allegedly "allowed" the violation to happen. More accurately, the issue to be decided is the voluntariness of Cambrick's plea.
If a court cannot honor a plea agreement, it should offer the defendant the opportunity to withdraw the plea. Humphries v. State, 563 So.2d 1124 (Fla.2d DCA 1990). The record before us includes the transcript of a hearing wherein Cambrick pled no contest to some, but not all, of the offenses encompassed by the present motion. This plea does appear to have been entered in exchange for a "fifteen-year guideline sentence." A second transcript shows Cambrick receiving the fifteen-year sentence as promised, but also the consecutive habitual offender sentence. The courtroom conversation suggests that the second sentence also was the result of a plea agreement. However, the plea itself is not included in the record. Without knowing the specifics of this additional plea, we cannot state with certainty that Cambrick's claim of breach of plea agreement is without merit.
Finally, Cambrick attempts to construct an ineffective assistance claim around counsel's failure to move for speedy trial discharge. It is true that negligence with regard to speedy trial rights can constitute ineffective assistance. King v. State, 485 So.2d 877 (Fla. 2d DCA 1986). However, upon closer examination, and affording Cambrick's pleadings the leniency due pro se litigants, it appears that this is not a true speedy trial case. Rather, the central issue again goes to the voluntariness of one of Cambrick's several pleas.
It is readily apparent, from both the record and the motion itself, that Cambrick failed to appear for at least one court hearing. He states that this failure to appear was the result of misinformation from court personnel, thus he was not "unavailable" for speedy trial purposes. State ex rel. Keehn v. Evans, 491 So.2d 315 (Fla. 2d DCA 1986). However, Cambrick does not actually allege that the 175-day speedy trial period expired without counsel taking note of it. Furthermore, Cambrick waived his speedy trial rights by entering the no contest pleas previously discussed.
The trial court's order treats this fact as dispositive of the claim of ineffectiveness. However, the motion contains additional allegations which we perceive to be the true *615 focus of Cambrick's grievance. Because of his failure to appear in court, Cambrick faced an additional felony charge pursuant to section 843.15(1)(a), Florida Statutes (1989). This case too was disposed of by a plea. Cambrick now asserts that he had a valid defense  the error or negligence of court personnel  which counsel apparently failed to recognize. Cf. Bell v. State, 585 So.2d 1125 (Fla. 2d DCA 1991). The trial court's order does not rule out this possibility.
After remand, the trial court should reexamine the files and records in this case to determine whether anything therein refutes the three issues discussed in this opinion. If so, the court may again deny the motion, attaching the documents relied upon. If not, an evidentiary hearing may be necessary. As noted, the remainder of Cambrick's motion is without merit and need not be readdressed.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and RYDER and PATTERSON, JJ., concur.