743 So.2d 158 (1999)
Jorge E. GONZALEZ, Appellant,
v.
Michael W. MOORE, Secretary, Department of Corrections, Appellee.
No. 98-3154.
District Court of Appeal of Florida, First District.
October 20, 1999.
*159 Jorge E. Gonzalez, Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order dismissing his "Emergency Petition for Writ of Mandamus or, in the Alternative, Petition for Writ of Habeas Corpus" for "fail[ure] to file any of the documents required" by a "Case Management Order." Because it is apparent from the record that appellant had, in fact, substantially complied with the "Case Management Order," we reverse.
In February 1998, appellant filed in this court an "Emergency Petition for Writ of Mandamus or, in the Alternative, Petition for Writ of Habeas Corpus." Appellant subsequently filed an "affidavit of indigency" and other documents required by section 57.085, Florida Statutes (1997). On March 18, 1998, this court issued a certificate of indigency, permitting appellant to proceed without prepayment of costs. Six days later, this court transferred appellant's petition to the circuit court, pursuant to Florida Rule of Appellate Procedure 9.040(b).
Shortly after it had received the case from this court, the circuit court issued a form "Case Management Order." That order directed appellant to provide a number of documents, including those required by section 57.085. The circuit court subsequently dismissed the case, stating that appellant "ha[d] failed to file any of the documents required per this Court's Case Management Order." That was error.
As already noted, this court had concluded that appellant had complied with section 57.085 before it transferred the case to the circuit court. The documents filed by appellant in this court were transferred to the circuit court, and are a part of the record on appeal. The circuit court's "Case Management Order" is concerned principally with requiring that such documents be submitted. However, it also requires compliance with certain other directives. Because it is unclear from the record whether appellant has complied with all of the directives in that order, we reverse and remand with directions that the circuit court specify what documents, if any, required by its "Case Management Order" have not already been provided. Should the circuit court conclude that appellant has not already fully complied with that order, it shall afford appellant a reasonable opportunity to do so before dismissing the case. See Masiello v. Moore, 739 So.2d 1196 (Fla. 1st DCA 1999).
REVERSED and REMANDED, with directions.
DAVIS and VAN NORTWICK, JJ., CONCUR.