866 So.2d 156 (2004)
Juan Leal ESQUIVEL, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D02-4204.
District Court of Appeal of Florida, First District.
February 19, 2004.
*157 Appellant, pro se.
Charlie Crist, Attorney General; Philip A. Fowler, Assistant Attorney General, Tallahassee and Louis A. Vargas, General Counsel, Department of Corrections, for Appellee.
PER CURIAM.
We reverse the order of the circuit court dismissing appellant's "Pro Se Petition for Writ of Mandamus" for "fail[ure] to file a copy of the complaint for each defendant, as required by ... [the] case management order." Because appellant had recently been adjudicated indigent, the circuit court did not need any further filing "for purposes of allowing [it] to [re]determine the plaintiff's/petitioner's indigency." Accordingly, we reverse the dismissal and remand for further proceedings.
Appellant initially filed the petition for writ of mandamus in this court, along with an affidavit of indigency. On July 3, 2002, this court issued a certificate of indigency, permitting appellant to "proceed without prepayment of costs in compliance with Section 57.085(2) or 57.081(1), Florida Statutes (2001)." Two days later, this court transferred appellant's petition to the circuit court pursuant to Florida Rule of Appellate Procedure 9.040(b).
On August 7, 2002, the circuit court entered a "Case Management Order," based upon its finding that "the file [wa]s not complete for purposes of ... determin[ing] the plaintiff/petitioner's indigency." The order informed appellant that his case would be dismissed unless within thirty days he "either pa[id] the filing fee in full or" filed "[a] copy of the complaint, including any exhibits, for service by this court upon EACH defendant/respondent in this action. Copies sent by the prisoner directly to the defendant do not satisfy this requirement. A copy must be sent to the court." The circuit court dismissed the case on September 26, 2002, explaining that appellant did not "file a copy of the complaint for each defendant."
Here, as in Gonzalez v. Moore, 743 So.2d 158 (Fla. 1st DCA 1999), "this court had concluded that appellant had complied with section 57.085 before it transferred the case to the circuit court. The documents filed by appellant in this court were transferred to the circuit court...." Id. at 159 (reversing and remanding for the circuit court to "specify what documents, if any, required by its `Case Management Order' have not already been provided" since "it is unclear from the record whether appellant has complied with all of the directives in that order"). Moreover, "[t]here was no evidence, indication, or suggestion that appellant's status as an indigent had changed. Given these facts, we think the sua sponte action of the trial *158 court was unwarranted." Fields v. Jack Eckerd Corp., 439 So.2d 347, 347 (Fla. 2d DCA 1983) (vacating order advising appellant that the trial court's recent adjudication of indigency "did not carry over to further ... proceedings"). Accordingly, we quash the order dismissing appellant's petition and remand for further proceedings. On remand, "[s]hould the circuit court conclude that appellant has not already fully complied with [the Case Management] order, it shall afford appellant a reasonable opportunity to do so before dismissing the case." Gonzalez, 743 So.2d at 159.
Reversed and Remanded.
BOOTH, BENTON, and LEWIS, JJ., CONCUR.