ORFINGER, J.
Roger Chapman petitions this court for writ of mandamus seeking to compel the trial court to rule on his motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540. We deny the petition as it fails to allege that Chapman has made the trial court aware of the pending motion.
In a civil proceeding, it is generally necessary to bring a pending matter to the *836 trial court’s attention. See Al-Hakim v. State, 783 So.2d 293, 294 (Fla. 5th DCA 2001). For purposes of seeking a hearing, it is of no significance that the petitioner is incarcerated or involuntarily committed. Although Chapman has been involuntarily committed pursuant to the Jimmy Ryce Act, presumably, he would be able to attend a telephonic hearing should the trial court decide to hold one. Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991) (trial court has discretion to decide whether to hold a telephonic hearing in prisoner’s civil case, but may not make prisoner’s physical presence a condition precedent to ruling on pending matters). Accordingly, we deny Chapman’s petition for writ of mandamus without prejudice. Chapman must first make the trial court aware of his pending motion and seek a hearing.
MANDAMUS DENIED WITHOUT PREJUDICE.
PETERSON and GRIFFIN, JJ., concur.