PER CURIAM.
George Leone petitions this court for a writ of prohibition, challenging an order of Judge of Compensation Claims Doris Jenkins which denied Leone’s motion to disqualify Judge Jenkins on grounds of bias against his counsel. We have jurisdiction. Fernandez v. White Plastering, 816 So.2d 1234 (Fla. 1st DCA 2002).
After a dispute arose over scheduling a hearing on a motion to vacate a merits order in Leone’s workers’ compensation case, a motion to disqualify was filed which was based primarily upon disparaging remarks allegedly made to Leone’s counsel by the judicial assistant (JA) to the Judge of Compensation Claims (JCC). We find that the motion for disqualification was facially insufficient, and therefore properly denied, because movant failed to establish why a reasonable person would attribute any negative bias against counsel to the JCC when the comments were made by the JA. This is particularly important in the instant case, where the JA’s comments were made while counsel was communicating with the JA to schedule a hearing, an administrative responsibility generally delegated to judicial assistants by trial *1286 judges. In other words, there is nothing on the face of the motion, when the facts are taken as true as required by Florida Rule of Judicial Administration 2.160(f) and Florida Administrative Code Rule 60Q — 6.126(1), to show that a reasonable person hearing these remarks by the JA would have a sound reason to believe that they reflected the views of anyone other that the JA.
Petitioner also argues that the JCC violated the requirement that the facts set forth in the motion to disqualify be taken as true in her remarks at a hearing. , We find this argument to be without merit. The petition for writ of prohibition is accordingly denied.
PETITION DENIED.
DAVIS, BENTON and VAN NORTWICK, JJ., concur.