PER CURIAM.
Juan Leal Esquivel appeals from an order dismissing his petition for writ of mandamus because he failed to pay a partial filing fee of $6.00 to the circuit court. We reverse and remand with instructions to the lower court to reevaluate Esquivel’s ability to pay, based on an updated record of his inmate bank account.
Esquivel initially filed his petition for writ of mandamus in this court on May 14, 2002, seeking to require the Department of Corrections to permit visits from his minor sons. We issued a certificate of indigency and transferred the case to the circuit court. On September 26, 2002, the lower court dismissed the case because Esquivel had not filed a document the court considered necessary in order to determine whether Esquivel was indigent. Esquivel appealed and this court reversed, stating that it had previously issued a certificate of indigency in this case, and because there was no showing that Esquivel’s status as an indigent had changed, dismissal of the petition was unwarranted. We remanded with directions to the circuit court to reconsider the question of Esquivel’s indigency. Esquivel v. Fla. Dep’t of Corr., 866 So.2d 156 (Fla. 1st DCA 2004).
On March 12, 2004, the trial court issued an order determining that Esquivel was indigent, but that he was able to pay part of his costs and fees, and directed him to make an initial prepayment of $6.00 within 30 days of the order or the case would be dismissed. Esquivel petitioned this court for writ of certiorari, claiming he could not pay, and attached a record of his inmate account showing a zero balance since November 2003.- This court denied the petition without comment on November 3, 2004. Esquivel v. Fla. Dep’t of Corr., 887 So.2d 331 (Fla. 1st DCA 2004).
On January 10, 2005, the trial court dismissed Esquivel’s petition for writ of mandamus, because Esquivel had never made the $6.00 prepayment. Esquivel claims on appeal that his prison inmate account shows that he has no ability to pay even this nominal amount.[1]
When Esquivel first alleged his indigen-cy, he submitted documents in June 2002, showing that he received as much as $40 a month from his family. In March 2004, the lower court concluded that Esquivel was capable of making a $6.00 partial payment, based upon the record of his inmate *106 account filed 21 months earlier. Relying on information that was two and one-half years old, the circuit court dismissed the petition.
When an inmate is required to pay part of the costs and fees related to litigation, section 57.085(4), Florida Statutes (2004), provides: “The initial partial payment must total at least 20 percent of the average monthly balance of the prisoner’s trust account for the preceding 6 months or for the length of the prisoner’s incarceration, whichever period is shorter.” (Emphasis added.) Subsection (8) requires:
In any judicial proceeding in which a certificate of indigence has been issued to a' prisoner, the court may at any time dismiss the prisoner’s action, in whole or in part, upon a finding that:
[[Image here]]
(c) The prisoner failed to pay court costs and fees under this section despite having the ability to pay[.]
(Emphasis added.) Although neither provision expressly requires a court to request an updated account record when there has been a long lapse of time since the inmate initially applied to the court for indigent status, we conclude from a comparison of these provisions that the basis for a partial payment or for dismissal must be found in the six-month period preceding the court’s determination, rather than the six months that had preceded the 'initial filing in the court, which in this case was 21 months earlier.
REVERSED and REMANDED for further proceedings.
DAVIS and BENTON, JJ., ERVIN, III, RICHARD W., Senior Judge, concur.

. Appellee’s only argument asserted against Esquivel's appeal is that he failed to raise this issue in the lower court. We choose to consider the issue pursuant to the rule of lenity. See Cambrick v. State, 593 So.2d 613 (Fla. 2d DCA 1992) (observing that the pleadings of pro se inmates should be viewed with leniency).