DAVIS, Judge.
Douglas Walker challenges the trial court’s dismissal of his petition for a writ of mandamus for failure to pay the filing fee. Although we affirm, we write for purposes of clarification.[1]
These proceedings began when Walker, an inmate housed in Charlotte County, filed a petition for a writ of mandamus along with an affidavit of indigency in the circuit court in Charlotte County. In his petition, Walker challenged the loss of gain time as the result of a disciplinary report. Because such petitions are considered collateral criminal proceedings, Walker was required to file an application for determination for civil indigent status. See Schmidt v. Crusoe, 878 So.2d 361, 367 n. 7 (Fla.2003).
The application for civil indigent status that Walker presented to the court contained a notice in bold type that stated: “NOTICE: If the applicant is determined by the clerk to be Not Indigent, you may seek judicial review by filing a petition with the court.” After Walker submitted this application, the circuit court clerk made a determination that Walker was not indigent. The trial court entered an order directing Walker to pay the filing fee or face dismissal. Rather than seek judicial review of the clerk’s determination, Walker sought a petition for certiorari from this court and then moved the trial court to enter final judgment, which the court did on September 5, 2006, for failure to pay the filing fee.
Section 57.082(2)(e), Florida Statutes (2006), specifically provides:
The applicant may seek review of the clerk’s determination that the applicant is not indigent ... by filing a petition to review the clerk’s determination of non-indigent status, for which a filing fee may not be charged. If the applicant seeks review of the clerk’s determination of indigent status, the court shall make a final determination as provided in subsection (4).
In addition to the statute, the application for determination of civil indigency also explicitly advised Walker of his right to seek judicial review. However, Walker never sought such judicial review, and there is no indication that the trial court ever undertook the review envisioned by section 57.082(4). Rather, Walker sought a petition for certiorari in this court and a motion for final judgment of dismissal in Charlotte County. As a result, the question of Walker’s indigency has not been ruled on by the trial court and has not been preserved for review. See Farinas v. State, 569 So.2d 425, 429 (Fla.1990). Because this issue has not been properly preserved for review, we cannot reach the merits of this issue and must affirm the trial court’s final judgment of dismissal.
Additionally, we are unable to discern from the record on appeal whether Walker filed his petition for a writ of mandamus in the correct venue. “[T]he proper venue for a prisoner’s challenge to a sentence-reducing credit determination by the Department, where the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release, continues to be in circuit court in Leon County, where the Department is located.” Bush v. State, 945 So.2d 1207, 1213-14 (Fla.2006). In the event that Walker has exhausted his administrative *1136 remedies and is not alleging entitlement to immediate release, he may elect, if he is not time-barred, to file his petition for a writ of mandamus in Leon County, rather than pursuing this action in Charlotte County.
We affirm the trial court’s dismissal of Walker’s petition for a writ of mandamus without prejudice to Walker refiling this action in the event that it is not time-barred.
Affirmed.
ALTENBERND, J, and DANAHY, PAUL W., Senior Judge, J., Concur.

. Although this case was initially filed as a petition for a writ of certiorari, this court has decided that it be considered as a direct appeal.