PER CURIAM.
 

 In these two cases, which we have consolidated for purposes of this opinion, the law firm of Ice Legal, P.A. (Ice), seeks, under the guise of disqualifying the judge, to exclude itself from proceeding before Judge Sasser, who presides over the foreclosure division of the Palm Beach circuit court.
 
 [1]
 
 These petitions for writ of prohibition represent the seventh and eighth petitions that this law firm has filed in this court seeking the same relief.
 
 [2]
 
 All the prior petitions were carefully reviewed and denied on the merits.
 

 As in the prior petitions and motions to disqualify filed by the firm, Ice attempts to pyramid a host of unrelated matters, which were not raised within the ten-day time limit of Florida Rule of Judicial Administration 2.330(e), to achieve its goal. The repetitive claims have been reviewed
 
 de novo
 
 on numerous occasions and rejected on the merits. None of these issues, alone or together, provide lee’s clients with any objectively reasonable basis to fear that the judge is biased.
 

 In addition to re-raising these issues, the Ice firm raised new arguments alleging that
 
 ex parte
 
 communication between opposing counsel and the judge requires disqualification. The communications involved a recurring scheduling dispute involving Ice. The Ice firm has insisted on
 
 *694
 
 specially-set hearings on its motions even though the judge, through her judicial assistant (JA), had expressed that the types of motions at issue should be set for ten-minute hearings on the uniform motion calendar. Ice has complained that it needs at least fifteen minutes to be heard and demanded specially-set hearings.
 

 In one of these cases, aware of Ice’s persistent objections to their motion being set on the uniform motion calendar, the plaintiff bank scheduled a hearing on Ice’s motion to dismiss during a time reserved for summary judgment motions. The judge phoned the bank’s counsel advising that the hearing needed to be scheduled on the uniform motion calendar and that twenty minutes was not necessary to argue the motion. The bank’s attorney immediately informed Ice and tried to coordinate a convenient time for the hearing. The next day, the judge entered a written order requiring the bank to schedule the hearing on the motion calendar within ten days.
 

 In the second case, an administrative employee for the bank’s counsel attempted to coordinate scheduling of Ice’s motions on the uniform motion calendar. Ice continued to object to the scheduling, maintaining its position that it needed fifteen minutes instead of ten.
 
 [3]
 
 Another administrative employee for the bank’s counsel contacted the judge’s JA to inform her that the Ice firm was again objecting to having their motions heard at the uniform motion calendar. Another judge, sitting in Judge Sasser’s absence, signed orders scheduling the hearing on the uniform motion calendar. The above incident led Ice to request all emails between the law firm’s staff and the JA. Ice contends the emails show that the law firm’s administrative staff has been engaged in
 
 ex parte
 
 communications with the judicial assistant.
 

 Based on these allegedly improper
 
 ex parte
 
 communications, Ice seeks to disqualify the judge from all of its cases. In all of its prior petitions, Ice has sought what amounts to firm-wide disqualification which would effectively exclude Ice from proceeding in the foreclosure division. Judge Sasser is presently the only judge presiding in the foreclosure division.
 

 We review
 
 de novo
 
 the legal sufficiency of the motions to disqualify that were filed below.
 
 See Edwards v. State,
 
 976 So.2d 1177, 1178 (Fla. 4th DCA 2008).
 

 Ex parte
 
 communications regarding purely administrative, non-substantive matters, such as scheduling, do not require disqualification.
 
 See Rose v. State,
 
 601
 
 *695
 
 So.2d 1181, 1183 (Fla.1992) (“[A] judge should not engage in
 
 any
 
 conversation about a pending case with only one of the parties participating in that conversation. Obviously, ... this would not include
 
 strictly
 
 administrative matters not dealing in any way with the merits of the case.”).
 
 See Rodriguez v. State,
 
 919 So.2d 1252, 1274-75 (Fla.2006)
 
 (ex parte
 
 discussion of an administrative matter, the nature of a scheduled hearing, did not require disqualification);
 
 Randolph v. State,
 
 853 So.2d 1051, 1064 (Fla.2003)
 
 (ex parte
 
 conversation about ministerial matter — wording of a sentence in an order — was insufficient to disqualify);
 
 Arbelaez v. State,
 
 775 So.2d 909, 916 (Fla.2000) (holding that an
 
 ex parte
 
 communication between the judge and the state attorney in a death penalty case did not require disqualification where the communication related to purely administrative matters, including the amount of time the state would be provided to respond to defendant’s postconviction motion and the scheduling of hearings).
 

 The
 
 ex parte
 
 communications in the present cases all involved purely administrative, non-substantive matters regarding the scheduling of motions, not the merits of the case. The judge, who had read and was familiar with Ice’s motions, did not exhibit any objectively reasonable basis for Ice’s clients to fear bias when she indicated that the motions did not require additional time.
 

 As to the communications between the administrative personnel of the bank’s law firm and the JA, neither the
 
 ex parte
 
 communications, nor the alleged animosity that has developed between the JA and one of Ice’s employees, provides an objectively reasonable basis for Ice’s clients to fear that the judge will not be fair and impartial.
 
 See Leone v. F.J.M. Constr.,
 
 911 So.2d 1285, 1285-86 (Fla. 1st DCA 2005) (holding that a judicial assistant’s disparaging comments to a party’s attorney, made after a scheduling dispute, did not provide any reasonable basis to fear that the judge would not be fair). As noted in
 
 Leone,
 
 scheduling of hearings is typically a matter delegated by judges to judicial assistants. This is particularly necessary in the foreclosure division which has an extraordinary backlog of cases. Judge Sasser cannot be expected to hold hearings
 
 regarding the length of upcoming hearings
 
 in order to settle insignificant disputes about whether an additional five minutes is necessary for oral argument on a motion.
 

 Contrary to Ice’s accusations, Judge Sasser did not violate Canon 3(B)(7) of the Florida Code of Judicial Conduct, which expressly exempts communications relating to scheduling and other administrative matters from its prohibition on
 
 ex parte
 
 communications. The judge’s
 
 ex parte
 
 communication with the bank’s counsel regarding the bank’s improperly-scheduled motion was immediately brought to Ice’s attention. Ice has had abundant opportunity to respond but never specified any reason why fifteen minutes was required to hear its motions.
 

 Ice’s repetitive attempts at disqualification in these cases appear designed, not to ensure that the proceedings against their clients are presided over by a neutral and fair tribunal, but to achieve a strategic advantage and/or frustrate the efficient function of the foreclosure division. As we suggested in
 
 Nassetta v. Kaplan,
 
 557 So.2d 919, 921 (Fla. 4th DCA 1990), this tactic is an improper use of the disqualification procedure.
 

 The petitions are denied on the merits.
 

 GROSS, C.J., STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The foreclosure division, which attempts to streamline scheduling procedures, was created to handle the extraordinary backlog of foreclosure cases.
 
 See
 
 Administrative Order 3.302, Fifteenth Judicial Circuit. At the time the petition was filed, an estimated 55,000 foreclosure cases were pending in that court. This number has likely increased since that time.
 

 [2]
 

 .
 
 Feith v. Indy Mac Fed. Bank,
 
 4D09-5070;
 
 Sandomingo v. Washington Mut. Bank,
 
 4D09-5000;
 
 Vidal v. U.S. Nat’l Bank Ass’n,
 
 4D10-397;
 
 Glarum v. Lasalle Bank,
 
 4D10-603;
 
 Brown v. Wachovia Bank,
 
 4D10-130;
 
 Brown v. Wachovia,
 
 4D10-642.
 

 [3]
 

 . A specially-set hearing would not be available until much later in time, whereas the motions could be heard sooner if set on the uniform motion calendar. Ice made no attempt to schedule its motions for hearing nor has it provided any explanation why its motions — which do not involve evidentiary matters — required any additional time for oral argument. As noted by the judge, at a hearing where the policy was explained to Ice, the judge had read the motions — which raised similar issues Ice has repeated in many of its cases — and additional time for oral argument was unnecessary.
 

 We are aware of no rale or law that requires a trial court to hear oral argument on a pretrial, non-evidentiary motion.
 
 See Gaspar, Inc. v. Naples Fed. Sav. & Loan Ass’n,
 
 546 So.2d 764, 766 (Fla. 5th DCA 1989) ("Judicial consideration and determination of a non-evidentiary motion on the basis of memoran-da of law rather than oral argument by counsel at a noticed hearing does not constitute an ex parte hearing or a denial of due process”);
 
 First City Dev. of Fla., Inc. v. Hallmark of Hollywood Condo. Ass’n,
 
 545 So.2d 502, 503 (Fla. 4th DCA 1989) ("There is no rale of procedure or law that requires the trial court to have oral argument as to [objections to discovery]”).
 
 See also
 
 Fla. R.App. P. 9.320 ("Oral argument
 
 may be
 
 permitted in any proceeding”) (emphasis supplied);
 
 In re Proposed Florida Appellate Rules,
 
 351 So.2d 981, 1011 (Fla.1977) ("[Tjhere is no right to oral argument” in appellate proceedings).