SWANSON, J.
Garrick John (“appellant”), a prisoner within the Florida Department of Corrections (“appellee”), appeals from the final order of the trial court dismissing his petition for writ of mandamus due to his failure to pay a $400 filing fee. We reverse.
On September 17, 2012, appellant filed a pro se petition for writ of mandamus in the Circuit Court for Leon County asking the court to “compel” appellee to perform its ministerial duty, in accordance with its *382 own rules, not to charge appellant for copying documents designated for submission in criminal proceedings. Along with his petition, appellant filed an “Application for Civil Indigent Status.” Appellant erroneously utilized an application for criminal indigent status under section 27.52, Florida Statutes (striking out the word “criminal” in the title and penciling in “civil”). Nevertheless, the Clerk of the Circuit Court for Leon County correctly applied section 57.085, Florida Statutes, and, after reviewing copies of appellant’s inmate trust account for the six months preceding the filing of his petition, found appellant was not indigent and ordered him to pay the filing fee of $400 within sixty days of his determination. The clerk informed appellant that should appellant not pay the filing fee within sixty days, his petition would be forwarded to the court for dismissal.
On April 11, 2013, the trial court entered a final order dismissing appellant’s petition for failure to pay the fee. In its order, the trial court found appellant’s cause of action “is not a collateral criminal proceeding as defined by Schmidt v. McDonough, 951 So.2d 797 (Fla.2006).” Appellant does not contend otherwise; instead, the issue presented on appeal is whether the trial court erred in failing to conduct a judicial review of the clerk’s indigency determination before entering its final order of dismissal. Printed on appellant’s application for indi-gency was the following notice: “If the applicant is determined by the clerk to be Not Indigent, you may seek judicial review at your next scheduled court appearance.” On December 5, 2012 — within sixty days of the clerk’s determination — appellant filed with the court a motion and affidavit of insolvency, in which he referenced the clerk’s October 25 denial of indigent status and claimed he possessed no funds in his trust account. In the affidavit, appellant swore he had not divested himself of any property and was unable to pay the costs, and asked the court to enter an order “adjudging him insolvent.” Appellee’s primary argument asserted against appellant’s appeal is that appellant’s filing of a “mere motion attaching indigency forms,” without specifically seeking relief under section 57.082(4), Florida Statutes, was insufficient to preserve the issue because it failed to apprise the lower court that appellant was seeking review of the clerk’s determination. We disagree. As we did in Esquivel v. McDonough, 946 So.2d 104 (Fla. 1st DCA 2007), “[w]e choose to consider the issue pursuant to the rule of lenity.” Id. at 105 n. 1 (citing Cambrick v. State, 593 So.2d 613 (Fla. 2d DCA 1992) (observing that the pleadings of pro se inmates should be viewed with leniency)).
Indeed, applying leniency in appellant’s case is made all the more compelling because appellant’s right to seek review of the clerk’s determination of indi-gency does not derive from section 57.082(4), which applies only to “[a] person seeking ... relief from payment of filing fees under s. 57.081 .... ” § 57.082(1), Florida Statutes. Section 57.081, Florida Statutes, the statute that allows indigent persons to seek waiver of filing fees, does not apply to prisoners “as defined in s. 57.085,” see section 57.085(1), Florida Statutes, unless the cause is found to be a collateral criminal proceeding as defined in Schmidt v. McDonough, 951 So.2d 797 (Fla.2006).[1] As noted above, appellant *383 does not oppose the trial court’s finding that his cause of action is not a collateral criminal proceeding. Rather, as expressed in his motion and affidavit, appellant acknowledges he is entitled only to the deferment of prepayment of the filing fee under section 57.085, were he found to be indigent. The determination of indi-gency is to be made by the clerk under the procedures stated in section 57.085(2) and (3), Florida Statutes. Yet, here, appellant was found not to be indigent, and there is no process for appellant to seek judicial review of that determination in section 57.085. Consequently, we hold basic principles of due process dictate the trial court consider appellant’s December 5, 2012, motion as one seeking review of the clerk’s determination of indigency for purposes of appellant’s “receiving a deferral of prepayment of any court costs and fees,” as provided by section 57.085(3).
Accordingly, the Order of Dismissal is reversed and the cause is remanded to the trial court with directions it review the clerk’s determination that appellant is not indigent for purposes of section 57.085. Because a year has passed since the clerk’s initial determination, on remand an updated account record should be considered; thus, the basis of the court’s decision “must be found in the six-month period preceding the court’s determination,” rather than the six months that had preceded the initial filing with the clerk. See Esquivel, 946 So.2d at 106.[2]
REVERSED and REMANDED, with directions.
WETHERELL, and OSTERHAUS, JJ., concur.

. For this reason, Walker v. McDonough, 967 So.2d 1134 (Fla. 2d DCA 2007), relied on by-appellee in furtherance of its argument that the issue was not preserved, is inapposite. The petition for writ of mandamus in Walker challenged the loss of gain time and, accordingly, was considered to be a collateral criminal proceeding. Id. at 1135. Consequently, the issue of Walker's indigent status was controlled by sections 57.081 and 57.082, Florida *383 Statutes. The clerk of court found Walker not to be indigent, but instead of seeking judicial review under section 57.082(2)(e) and (4), he sought a final judgment of dismissal and appealed same to the Second District Court of Appeal. That court ruled that "the question of Walker’s indigency ha[d] not been ruled on by the trial court and ha[d] not been preserved for appeal.” Id. In contrast, in the present case, appellant filed a motion in the trial court, which, though legally awkward, was sufficient to inform the court of the fact he was seeking review of the clerk’s determination that he was not indigent.

. We caution that a finding of indigence does not secure to appellant a deferral of payment in all cases, or the assurance that the judicial proceeding will not be dismissed for the lack of payment any fees or costs. Section 57.085(8) provides that ”[i]n any judicial proceeding in which a certificate of indigence has been issued to a prisoner, the court may at any time dismiss the prisoner's action, in whole or in part, upon a finding that:
(a) The prisoner’s claim of indigence is false or misleading;
[[Image here]]
(c) The prisoner failed to pay court costs and fees under this section despite having the ability to pay [.]
(Emphasis added.)