PER CURIAM.
We reverse the trial court’s order denying appellant’s petition for writ of mandamus and declaring appellant to be a vexatious litigant. We affirm the court’s order denying appellant’s motion for disqualification, which was legally insufficient.
The trial court erred as a matter of law by finding that appellant had “failed to allege that he has made the [lower] court aware of the pending motion,” citing Chapman v. State, 883 So.2d 835, 835-36 (Fla. 5th DCA 2004). Appellant attached to his mandamus petition a motion he had filed by placing it in the hands of prison officials for mailing, alerting the county court that his motion for relief under Florida Rule of Civil Procedure 1.540 was pending and asking the court to consider it. See John v. Dep’t of Corrs., 124 So.3d 381, 2013 WL 5744428 (Fla. 1st DCA 2013) (pleadings filed by pro se inmates should be viewed with lenity).
The circuit court also erred as a matter of law by finding appellant to be a vexatious litigant under section 68.093, Florida Statutes (2012), without issuing an order to show cause to give him an opportunity to be heard on the matter. See State v. Spencer, 751 So.2d 47 (Fla.1999); Long v. State, 793 So.2d 1141 (Fla. 1st DCA 2001); Favreau v. Favreau, 940 So.2d 1188 (Fla. 5th DCA 2006). Appellee did not cite any authority, nor do we find any in the statute or case law, dispensing with the need for a show-cause order when the finding of vex-atiousness is based upon the litigant hav *472 ing been found to be vexatious in another jurisdiction.
We affirm the trial court’s order denying appellant’s motion for disqualification on the ground that it was legally insufficient. The fact that there was an ex parte communication between the court and someone related to appellant’s adversary, without more, does not tend to show that the judge had a personal interest in the case, nor is it equivalent to a statement that the judge is prejudiced against appellant. In fact, Code of Judicial Conduct Canon 3B(7)(a) contains several examples of ex parte communications that are appropriate in a case. See also Nudel v. Flagstar Bank, FSB, 52 So.3d 692 (Fla. 4th DCA 2010) (observing that ex parte communications between the judge and a party involving administrative, non-substantive matters do not require disqualification).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
PADOVANO, ROWE, and OSTERHAUS, JJ., concur.