IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JONATHAN LEWIS,

        Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-5677 and 1D12-5678

Opinion filed August 1, 2014.

An appeal from the Circuit Court for Bradford County.
Toby S. Monaco, Judge.

Jonathan Lewis, Appellant.

Pamela Jo Bondi, Attorney General, and Carrie McNamara, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Jonathan Lewis, an inmate, appeals orders dismissing two negligence actions because he did not pay the filing fees. We reverse and remand, because the trial court directed appellant to comply with a portion of section 57.085(7), Florida Statutes (2012), that has been declared unconstitutional.

After appellant asked the lower court to find that he was indigent and to waive court costs,[1] the court determined that appellant had been adjudicated indigent under section 57.081, Florida Statutes (2012), twice in the preceding three years, and thus directed him pursuant to section 57.085(7) to submit a listing of each suit, action, claim, proceeding, or appeal that he had brought in the preceding five years, and to attach a copy of each of these documents and a record of the disposition of each.

Appellant did not comply with the lower court's order, and instead filed various motions asking the lower court to dispense with these requirements because of the large amount of paperwork involved and the cost, and because the clerk of the court could print out such information from a website. The lower court denied appellant's motions to be declared indigent and directed him to pay the filing fees within thirty days. When Appellant did not pay the filing fees, the court dismissed his lawsuits. This was error.

The Florida Supreme Court had held the copying requirement in section 57.085(7) to be unconstitutional. Jackson v. Department of Corrections, 790 So. 2d 381, 386 (Fla. 2000); Mitchell v. Moore, 786 So. 2d 521 (Fla. 2001). We cannot

---

[1] Because appellant's lawsuits are negligence actions rather than collateral criminal proceedings, he is not entitled to a waiver of court costs under section 57.081 if he is found to be indigent on remand, but only to a deferral of prepayment of court costs and fees under section 57.085. See John v. Department. of Corrs., 124 So. 3d 381, 383 (Fla. 1st DCA 2013).

determine based upon the record that appellant would have declined to comply had the court only directed him to file a listing of prior actions, which would have warranted denial of appellant's motion for waiver, and thus we cannot affirm on that basis. See, e.g., Johnson v. Burns, 804 So. 2d 345 (Fla. 4th DCA 2001).

Applying the rule of lenity to this pro se litigant, see Esquivel v. McDonough, 946 So. 2d 104, 105 n.1 (Fla. 1st DCA 2007), appellant sufficiently challenged the copy requirement below and on appeal. Because this requirement was unconstitutionally imposed contrary to Jackson and Mitchell, appellant must be given the opportunity to submit a list of his prior actions required by section 57.085(7), minus the copies.

Contrary to the arguments of the parties, the trial court did not definitively determine that appellant is a vexatious litigant, and any such determination must be reached in compliance with section 68.093, Florida Statutes (2012).

REVERSED and REMANDED for further proceedings.

PADOVANO, WETHERELL, and MAKAR, JJ., CONCUR.