717 So.2d 1066 (1998)
James WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02480.
District Court of Appeal of Florida, Second District.
August 14, 1998.
PER CURIAM.
James Williams challenges the trial court's denial of his postconviction motion which alleges, in relevant part, ineffectiveness of trial counsel for failing to move to suppress evidence against him which prompted counsel to advise him to enter guilty pleas to armed robbery, attempted armed robbery, and attempted first-degree murder. We reverse.
In its denial, the trial court concluded that a criminal "defendant who pleads guilty may appeal only those errors which would invalidate the plea itself," referencing Robinson v. State, 373 So.2d 898 (Fla.1979), and Harvey v. State, 383 So.2d 770 (Fla. 3d DCA 1980). This principle may accurately describe the range of issues raised on direct appeal from a guilty plea; this proceeding in the trial court, however, was not a direct appeal, but a collateral attack on the plea itself and upon counsel's advice which prompted the plea. Williams' claim must be analyzed in this light. See Simmons v. State, 485 So.2d 475 (Fla. 2d DCA 1986) (holding that counsel's alleged deficiency in failing to move to suppress evidence may have rendered guilty plea involuntary, and that claim required record refutation or an evidentiary hearing to resolve it); see also Devega v. State, 706 So.2d 102 (Fla. 1st DCA 1998) (echoing the holding of Simmons while silent on whether the conviction under attack resulted from a trial or a plea); Stewart v. State, 629 So.2d 267 (Fla. 2d DCA 1993) (holding that trial counsel's failure to move to suppress evidence in the context of a trial may serve as grounds to vacate a conviction).
A trial attorney's failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction. See Kelly *1067 v. State, 712 So.2d 780 (Fla. 2d DCA 1998), and Stanley v. State, 703 So.2d 1156 (Fla. 2d DCA 1997) (holding that in the context of guilty pleas the appellants stated facially sufficient claims that counsel had overlooked defenses of voluntary intoxication). See also Fortner v. State, 538 So.2d 85 (Fla. 2d DCA 1989) (holding that the allegation in the context of a plea that trial counsel failed to move to suppress an incriminating statement constituted a facially sufficient claim).
We affirm the trial court's summary denial of Williams' other assertions without discussion.
Affirmed in part, reversed in part, and remanded for reconsideration in accordance with this opinion.
PARKER, C.J., and FRANK and FULMER, JJ., concur.