761 So.2d 414 (2000)
Shedrick JENRETTE, Appellant,
v.
STATE of Florida, Appellee.
District Court of Appeal of Florida, Second District.
May 19, 2000.
PER CURIAM.
Shedrick Jenrette appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Jenrette pleaded guilty to a lewd and lascivious act upon a child and was sentenced to community control. Shortly thereafter, he admitted violating his community control and was sentenced to prison. He now challenges both his initial plea to the underlying offense and his plea to the violation of community control. His motion is timely as to both.
We find merit in only one of Jenrette's claims and reverse as to that one. Jenrette alleges that counsel was ineffective in failing to file a motion to suppress his confession to the lewd and lascivious charge. Jenrette states that he advised counsel that his confession was made while he was in custody but before he had been advised of his Miranda[1] rights, and that he would not have pleaded guilty to this charge if his counsel had filed a motion to suppress.
*415 Jenrette's claim is facially sufficient. See Fortner v. State, 538 So.2d 85 (Fla. 2d DCA 1989); Cintron v. State, 495 So.2d 248 (Fla. 2d DCA 1986). Moreover, the trial court's conclusion that Jenrette waived this claim by pleading guilty is incorrect. See Williams v. State, 717 So.2d 1066, 1066 (Fla. 2d DCA 1998) (noting that "a trial attorney's failure to investigate a factual defense or a defense relying on the suppression of evidence which results in an ill-advised plea of guilty has long been held to constitute a facially sufficient attack upon a conviction"). We therefore reverse and remand for further proceedings as to this claim. We affirm the trial court's order in all other respects without comment.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).