793 So.2d 36 (2001)
Kenneth FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5174.
District Court of Appeal of Florida, Second District.
April 18, 2001.
PATTERSON, Chief Judge.
Kenneth Flowers timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the motion is not conclusively refuted by the record attachments, we reverse.
Flowers pleaded no contest to trafficking in cocaine. The drugs were discovered during an allegedly consensual search of the car. Flowers is seeking to withdraw his plea, alleging ineffective assistance of counsel because his attorney failed to file a motion to suppress the cocaine. Flowers alleged that he did not consent to the search and that he told this fact to his attorney. The trial court denied the motion because the officer's probable cause affidavit stated that Flowers consented to the search. The trial court also held that Flowers waived this claim by entering his plea.
Flowers has stated a legally sufficient claim, which was not waived by his plea. See Williams v. State, 717 So.2d 1066 (Fla. 2d DCA 1998) (holding that ineffective assistance of counsel claim based on failure to seek suppression of evidence was legally sufficient and not waived by guilty plea). Furthermore, this claim is not conclusively refuted by the probable cause affidavit. If *37 Flowers' attorney had filed a motion to suppress, the trial court would have been required to make a credibility determination on the issue of whether Flowers consented to the search. "Rule 3.850 explicitly requires that the record `conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing." State v. Leroux, 689 So.2d 235, 237 (Fla.1996).
Accordingly, we reverse the summary denial and remand for the trial court to hold an evidentiary hearing unless the record conclusively refutes Flowers' sworn allegations.
Reversed and remanded.
BLUE and DAVIS, JJ., concur.