GREEN, Judge.
Junious Hayes challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the trial court’s order as it relates to one of the claims. We affirm, without comment, the denial of the other two claims.
In trial court case number 99-10915, Hayes pleaded guilty to one count of robbery and one count of robbery with a firearm. In his motion he claimed that counsel was ineffective for failing to move to suppress items found when the vehicle he was driving was illegally stopped and searched. Hayes alleged that the vehicle was stopped based on a BOLO but that the information contained in the BOLO did not provide legally sufficient grounds to stop the vehicle. He further alleged that after stopping his vehicle, the officers searched it without his permission and found the purse of the victim. Hayes alleged that if counsel had filed a motion to suppress, he would not have entered a plea to the charges but, instead, would have gone to trial. Hayes stated a facially sufficient claim for relief. See Jenrette v. State, 761 So.2d 414 (Fla. 2d DCA 2000).
The trial court denied this claim in Hayes’ motion, finding that he waived this claim by entering a plea to the charges. *243 The trial court is incorrect. See id. Based on the record before us, we are unable to determine the merits of Hayes’ claim. We therefore reverse the denial of this claim, and remand for further proceedings. See id.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and STRINGER, JJ„ concur.