COVINGTON, Judge.
Johnny Edward Branham challenges the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the motion is not conclusively refuted by the record attachments, we reverse.
Branham pleaded guilty to four counts of armed robbery. Branham confessed to the crimes after a poiice interrogation. Branham claims that counsel was ineffective for failing to move to suppress this confession when counsel knew that it was obtained through threats and coercion. The trial court denied the motion and attached a transcript of Branham’s taped confession. This transcript indicates that Branham was questioned by police for almost five hours before the tape recorder was turned on.
Branham’s claim is not conclusively refuted by the transcript of his confession. If Branham’s attorney had filed a motion to suppress, the trial court would have been required to make a determination on the issue of whether Branham was coerced or threatened during the five hours of questioning prior to the tape recording. “Rule 3.850 explicitly requires that the record ‘conclusively’ rebut an otherwise cognizable claim if it is to be denied without a hearing.” State v. Leroux, 689 So.2d 235, 237 (Fla.1996); see also Flowers v. State, 793 So.2d 36 (Fla. 2d DCA 2001).
Accordingly, we reverse the summary denial and remand for the trial court to either attach portions of the record that conclusively refute Branham’s allegations or hold an evidentiary hearing.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.