972 So.2d 1115 (2008)
Kristian Blake ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3888.
District Court of Appeal of Florida, Fifth District.
February 1, 2008.
*1116 Joseph C. Bodiford, of Bodiford Law, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Kristian Blake Robinson timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the motion is not conclusively refuted by the record attachments, we reverse.
Robinson was convicted, upon a no contest plea, of possession of cocaine and ultimately sentenced to five years in prison. In his rule 3.850 motion, he seeks to withdraw his plea, alleging ineffective assistance of counsel because his attorney failed to file a motion to suppress the cocaine. The cocaine was discovered during an allegedly consensual search of the car. Robinson alleges that he did not consent to the search, and that his attorney did not discuss filing a motion to suppress with him. Robinson contends that had a suppression motion been filed, it would likely have been granted. The trial court denied the motion because the officer's probable cause affidavit stated that Robinson consented to the search. The trial court also held that Robinson waived this claim by entering his plea.
Robinson has stated a legally sufficient claim, which was not waived by his plea. See Flowers v. State, 793 So.2d 36 (Fla. 2d DCA 2001) (holding that ineffective assistance of counsel claim based on failure to seek suppression of evidence was legally sufficient and not waived by guilty plea). Further, the probable cause affidavit does not conclusively refute the claim. If Robinson's attorney had filed a motion to suppress, the trial court would have been required to make a credibility determination on the issue of whether Robinson consented to the search. "Rule 3.850 explicitly requires that the record `conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing." State v. Leroux, 689 So.2d 235, 237 (Fla. 1996).
Accordingly, we reverse the summary denial and remand for the trial court to hold an evidentiary hearing unless the record conclusively refutes Robinson's sworn allegations.
REVERSED AND REMANDED.
SAWAYA, PLEUS and ORFINGER, JJ., concur.