VILLANTI, Judge.
 

 Brian Whatley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of grounds one, four, five, and six without further comment. However, we reverse the summary denial of grounds two and three and remand for an eviden-tiary hearing on these two claims.
 

 Whatley was originally charged with one count of capital sexual battery, one count of lewd and lascivious molestation on a child under age twelve, and one count of lewd and lascivious conduct by a person over the age of eighteen. Whatley subsequently pleaded guilty in a negotiated plea agreement with the State to a reduced charge of attempted sexual battery on a child under age twelve and to the charged counts of lewd and lascivious molestation and lewd and lascivious conduct. In accordance with the plea agreement, the trial court sentenced Whatley to concurrent terms of twenty-five years in prison on the
 
 *1127
 
 sexual battery and lewd and lascivious molestation counts and to a consecutive term of fifteen years’ probation on the lewd and lascivious conduct count.
 

 Whatley did not take a direct appeal of Ms judgment and sentences; however, he did seek postconviction relief. In ground two of Whatley’s second amended motion for postconviction relief pursuant to rule 3.850, Whatley alleged that his trial counsel was ineffective for failing to move to suppress Whatley’s confession, which he alleged was coerced. Whatley also alleged that had counsel moved to suppress the confession, Whatley would not have pleaded guilty but instead would have gone to trial. In ground three of his motion, Wfliatley alleged that his trial counsel did not advise him that he could move to suppress his confession on the grounds of coercion. Thus, according to Whatley, trial counsel was ineffective for failing to advise him of his rights, and he was prejudiced because he entered his plea without full knowledge of the options available to him. The postconviction court summarily denied relief on these grounds, referencing only the transcript of Whatley’s plea colloquy that was attached to the State’s response. Whatley now seeks review of that denial.
 

 “A trial attorney’s failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.”
 
 Williams v. State,
 
 717 So.2d 1066, 1066 (Fla. 2d DCA 1998). To state such a claim, a defendant must allege that counsel was ineffective for failing to advise the defendant of or failing to investigate a possible defense and must allege that there is “a reasonable probability that, but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial.”
 
 Grosvenor v. State,
 
 874 So.2d 1176, 1181 (Fla.2004);
 
 see also Flowers v. State,
 
 793 So.2d 36, 36 (Fla. 2d DCA 2001);
 
 Robinson v. State,
 
 972 So.2d 1115, 1116 (Fla. 5th DCA 2008). This type of claim is not waived by the entry of a guilty plea.
 
 See Flowers,
 
 793 So.2d at 36;
 
 Jenrette v. State,
 
 761 So.2d 414, 415 (Fla. 2d DCA 2000);
 
 Williams,
 
 717 So.2d at 1066.
 

 In this case, the State does not dispute that Whatley’s motion alleges facially sufficient claims for relief based on his trial counsel’s alleged failure to advise him of and/or to investigate the option of filing a motion to suppress his confession. Instead, the State contends that these two claims are conclusively refuted by the transcript of the plea colloquy. We disagree.
 

 At the change-of-plea hearing, Whatley told the court that he was accepting the State’s plea offer because he had promised his wife and daughter that he would not go to trial to spare them the trauma of having to testify against him. The State argues that this statement reflects Whatley’s sole motive in entering the plea and establishes that Whatley’s confession was irrelevant to his decision to accept the State’s plea offer. However, Whatley’s statement at the plea hearing was made based on his understanding that his confession would be admissible. Given Whatley’s current allegations that there was no physical evidence showing that he committed this crime and that the State’s case was based exclusively on his confession and the nine-year-old victim’s statement, the postconviction court cannot conclusively say that Whatley would have made the same decision had he been aware that his confession might be subject to suppression. While Whatley’s statement at the change of plea hearing may constitute some evidence of his motive in entering his plea, his statement is not so
 
 *1128
 
 inconsistent with his current claims as to
 
 conclusively
 
 establish that as his
 
 sole
 
 motive for entering his plea. Therefore, the postconviction court erred in denying these two facially sufficient claims based solely on the transcript of the plea hearing.
 

 Accordingly, because grounds two and three of Whatley’s motion state facially sufficient claims for relief that are not conclusively refuted by the record, we reverse and remand for an evidentiary hearing
 
 on
 
 grounds two and three of Whatley’s motion. In all other respects, we affirm.
 

 Affirmed in part; reversed in part; and remanded for further proceedings.
 

 CASANUEVA and KHOUZAM, JJ., Concur.