*771
 
 CASANUEVA, Judge.
 

 Anthony Davis challenges the postcon-viction court’s final order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to claims one and six and remand for further proceedings. We affirm the denial of the remaining claims without further discussion.
 

 Davis entered a negotiated plea in which he pleaded guilty to one count of possession of cannabis in excess of twenty grams and admitted to violating his probation previously imposed for a 1998 charge of robbery with a weapon. In exchange, Davis received a sixty-month sentence for the drug charge and a concurrent sixty-three-month sentence for the violation of probation. The State nolle prossed charges of possession of cannabis with intent to sell and possession of paraphernalia. Davis did not file a direct appeal.
 

 In his rule 3.850 motion, Davis alleged in claim one that counsel “badgered” him into accepting the plea agreement by erroneously informing him that the maximum penalty he could, and probably would, receive on the offense underlying the violation of probation was thirty years when the actual maximum was 364 days, given that he had originally received a youthful offender sentence.
 
 [1]
 
 Davis alleged that had he been apprised of the correct maximum penalty, he would have instead rejected the plea and proceeded to trial.
 
 [2]
 
 In its response, the State acknowledged the sentencing law but argued that the claim was facially insufficient because Davis failed to allege that he had, in fact, successfully completed youthful offender boot camp so that the 364-day maximum would apply to him. The State also pointed out that, although the record contained a Department of Corrections letter recommending Davis for boot camp, with the “Approve” box checked by the judge, the record was devoid of progress reports and a “resentenc[ing] to probation” following boot camp. As a result, the postconviction court dismissed claim one without preju
 
 *772
 
 dice to the filing of a facially sufficient motion.
 

 Davis filed a second motion repeating what he had already averred and added that he had “attended and successfully completed the Boot Camp Program, so the maximum penalty the court could impose ... was ... 364 days.” The court found that the second motion was:“simply a reassertion” of the claim alleged in the original motion and once again dismissed the claim with leave to file a facially sufficient motion. Davis filed a third motion in which he repeated the averments of claim one found in the second motion without further amendment. In its final order, the post-conviction court wrote as follows:
 

 The Defendant’s claim is, again, a reassertion of [the] claim[ ] [asserted in his two previous motions]. The Court files in the instant cases remain devoid of any evidence that the Defendant successfully completed “boot camp.” The Defendant has provided the Court no evidence he successfully completed the program. Accordingly, the Defendant’s [claim one] is DENIED with prejudice.
 

 Davis’s claim is essentially one of involuntary plea due to counsel’s having allegedly misinformed him of the possible penalties he would have faced following an unsuccessful trial. In this context, he was required to allege (1) counsel’s deficient performance and (2) that but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.
 
 See Brazeail v. State,
 
 821 So.2d 364, 367-68 (Fla. 1st DCA 2002) (quoting
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). He alleged both of these elements in his motions. The postconviction court added a foundation requirement appropriate to Davis’s particular claim — that Davis had successfully completed youthful offender boot camp. Following the court’s instructions, he alleged this in his second motion.
 

 We conclude that Davis’s claim one, as amended in his second motion, is facially sufficient. He was required only to set forth “a cognizable claim for relief based upon the legal and factual grounds asserted.”
 
 Jacobs v. State,
 
 880 So.2d 548, 550 (Fla.2004). He was not required to provide the court with documentary evidence that he had successfully completed boot camp.
 
 Cf., e.g., Keen v. State,
 
 855 So.2d 117, 118 (Fla. 2d DCA 2003) (noting that the movant was not required to provide a notarized statement supporting his allegations; “he must only provide a brief statement of facts in support of the motion”);
 
 Simon v. State,
 
 997 So.2d 490, 492 (Fla. 4th DCA 2008) (commenting that the State’s argument that the court should affirm because the appellant failed to provide a plea transcript or a copy of the plea agreement “turns [rule 3.850(d) ] on its head and is without merit”);
 
 see also
 
 Fla. R.Crim. P. 3.850(c) (listing the required contents of a postconviction motion). Once Davis set forth a legally sufficient claim, the postconviction court was required to either attach those portions of the record that refute the claim if such documentation exists or hold an evidentiary hearing.
 
 See
 
 Fla. R.Crim. P. 3.850(d);
 
 Jacobs,
 
 880 So.2d at 550-51.
 
 [3]
 
 We therefore reverse as to claim one and remand for the trial court to either attach record documents that conclusively refute this claim or hold an evi-
 
 *773
 
 dentiary hearing.
 
 See Jacobs,
 
 880 So.2d at 550-51.
 

 In claim six, Davis alleged that counsel was ineffective for failing to investigate the defense that the cannabis did not belong to him and that absent such neglect there is a reasonable probability that he would have gone to trial. Within claim six, Davis referred to the averments of claim three for additional details. In claim three, Davis alleged, in pertinent part,
 

 [He had] told counsel that the cannabis was not his and that it belonged to his caretaker.
 

 Furthermore, Defendant’s caretaker admitted to Counsel that the cannabis belonged to her and expressed her willingness to testify to that fact. Counsel also knew that all evidentiary materials tending to establish guilt were found in the Defendant’s caretaker’s bedroom and not his.
 

 The posteonviction court initially found the claim facially sufficient and ordered a response from the State. The court agreed with the State’s analysis that the claim was conclusory and gave Davis leave to file a facially sufficient claim. Davis essentially repeated the claim without substantive expansion; as a result, the court summarily denied it.
 

 The postconviction court was correct in its initial conclusion that the claim was facially sufficient. In a recent case we summarized the relevant law as follows:
 

 “A trial attorney’s failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.”
 
 Williams v. State,
 
 717 So.2d 1066, 1066 (Fla. 2d DCA 1998). To state such a claim, a defendant must allege that counsel was ineffective for failing to advise the defendant of or failing to investigate a possible defense and must allege that there is “a reasonable probability that, but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial.”
 
 Grosvenor v. State,
 
 874 So.2d 1176, 1181 (Fla.2004);
 
 see also Flowers v. State,
 
 793 So.2d 36, 36 (Fla. 2d DCA 2001);
 
 Robinson v. State,
 
 972 So.2d 1115, 1116 (Fla. 5th DCA 2008). This type of claim is not waived by the entry of a guilty plea.
 
 See Flowers,
 
 793 So.2d at 36;
 
 Jenrette v. State,
 
 761 So.2d 414, 415 (Fla. 2d DCA 2000);
 
 Williams,
 
 717 So.2d at 1066.
 

 Whatley v. State,
 
 7 So.3d 1126 (Fla. 2d DCA 2009). In determining that reasonable probability,
 

 a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial.
 

 Grosvenor v. State,
 
 874 So.2d 1176, 1181-82 (Fla.2004).
 

 Here, Davis alleged both deficient performance and that there was a reasonable probability that, absent that performance, he would have proceeded to' trial rather than pleading guilty. We therefore reverse as to claim six and remand for the trial court to either attach record documents that conclusively refute the claim or hold an evidentiary hearing. In ruling on the claim, the court should consider the factors recited in
 
 Grosvenor.
 

 Finally, we caution Davis that, if he prevails on one or both of his claims, the
 
 *774
 
 ultimate result of withdrawing his plea could be a sentence longer than sixty-three months.
 

 Affirmed in part; reversed as to claims one and six and remanded with instructions.
 

 WALLACE and KHOUZAM, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 §§ 958.04(2)(b), 045(5)(c), Fla. Stat. (1997);
 
 Bloodworth v. State,
 
 769 So.2d 1117 (Fla. 2d DCA 2000).
 

 [2]
 

 . In a subsequent motion, Davis amended this last allegation by averring that he would have proceeded to a probation violation hearing.
 

 [3]
 

 . It is not clear why there should be nothing in the record documenting how Davis came to be on probation. If he was on probation as a result of something other than the successful completion of youthful offender boot camp, see § 958.045(5)(c), the relevant documents would refute Davis’s claim. If the record is somehow defective and cannot refute the claim, then an evidentiary hearing is the post-conviction court’s other option.
 
 See
 
 Fla. R.Crim. P. 3.850(d);
 
 Jacobs,
 
 880 So.2d at 550-51.