WALLACE, Judge.
Jarred Galindo appeals from a final order on his motion for postconviction relief and from his new sentences in accordance with the relief granted. On appeal, Mr. Galindo challenges only the summary denial of ground 5 of his motion for postconviction relief. We conclude that the postcon-viction court erred in summarily denying relief on ground 5, and we reverse and remand for further proceedings on this claim.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The State filed an amended information against Mr. Galindo, charging him with four counts of attempted robbery with a firearm or deadly weapon (counts 1-4), two counts of robbery with a firearm or deadly weapon (counts 5-6), one count of driving while license revoked (DWLR) as a habitual traffic offender (HTO) (count 7), two counts of fleeing or attempting to elude a law enforcement officer (LEO) (counts 8 and 10), and one count of obstructing or opposing a LEO without violence (count 9). On October 8, 2008, Mr. Galindo entered into an open plea on counts 7 and 9. The remaining charges went to a jury trial. The jury convicted Mr. Galindo on counts 1 through 4,‘6, and 8. It acquitted Mr. Galindo on count 10, and the State dismissed count 5.
Thereafter, the trial court entered a judgment and sentences in accordance with Mr. Galindo’s plea and the jury’s verdict. This court per curiam affirmed Mr. Galindo’s judgment and sentences on direct appeal. Galindo v. State, 52 So.3d 665 (Fla. 2d DCA 2011) (table).
On June 14, 2011, Mr. Galindo filed a timely motion for postconviction relief, asserting five claims of ineffective assistance of trial counsel. The postconviction court rendered an order on March 20, 2012, summarily denying relief on grounds 3 and 5 and directing the State to respond to grounds 1, 2, and 4. Ultimately, the post-conviction court granted an evidentiary hearing on grounds 1, 2, and 4. On January 24, 2013, the postconviction court entered a final order after evidentiary hearing, granting relief on grounds 1, 2, and 4 and scheduling a resentencing hearing on counts 1-4, 6, and 7 of the amended information. The trial court rendered new sentences on counts 1-4, 6, and 7 on February 6, 2013.[1] As noted above, in this proceeding Mr. Galindo challenges only the post-conviction court’s summary denial of relief under ground 5 of his motion.
II. DISCUSSION
In ground 5, Mr. Galindo argued “that [his trial] counsel was ineffective for *271 failing] to object to the [trial] [c]ourt exceeding the five (5) year maximum sentence that the [trial] [c]ourt stated, in exchange for the open guilty plea on [c]ount 7,” DWLR as an HTO. He alleges that the five-year maximum sentence that the trial court advised him about was an agreed sentence. However, Mr. Galindo’s arguments in ground 5 also state, somewhat inartfully, that his plea on count 7 was involuntary because his counsel and the trial court failed to advise him that he could be sentenced on that count, a third-degree felony, to the minimum guideline sentence under his scoresheet, which exceeded the maximum statutory sentence of five years’ prison.
In fact, Mr. Galindo alleged that at the time of his plea, the trial court advised him that the maximum possible sentence that he could receive on that count was five years’ prison. He further alleged that the trial court informed him “that he should be prepared to do a total of six (6) years” due to the additional one-year sentence that could be imposed on the misdemeanor offense included in his plea. Following Mr. Galindo’s jury trial on the other offenses and resentencing in accordance with the relief granted on his motion for postconviction relief, the trial court sentenced Mr. Galindo to 133.35 months’ (11.1125 years’) prison with a ten-year mandatory minimum sentence on count 7. Mr. Galindo alleged in his postconviction motion that his trial counsel had “a duty to inform [him] of the minimum and maximum sentences that [he was] subject[ ] to[ ] before [he was] blindly ambushed with a sentence almost [three] times [harsher] than the agreed upon [five] year sentence.” He further stated that he would not have entered into the plea on count 7 if the trial court and counsel had advised him that his sentence on count 7 could exceed five years’ prison, and he asked to be permitted to withdraw his plea.
The postconviction court summarily denied relief on ground 5, stating that “there was no plea agreement stating that the Defendant would receive a sentence of five years in exchange for his entry of a plea of guilty. Instead, the Defendant entered an open plea of guilty, and the Court informed him of the statutory maximum of five years associated with [the] charge.” In addition, the postconviction court noted that the trial court had explained the nature of an open plea and that Mr. Galindo had confirmed that no promises had been made to him about what sentence would be imposed. The postconviction court further observed that upon sentencing, Mr. Galin-do was sentenced under the terms of his scoresheet to the lowest permissible sentence as required by law. The court concluded that because the trial court lacked discretion in sentencing Mr. Galindo, he was not prejudiced by his trial counsel’s failure to object to the imposition of a sentence in excess of five years’ prison.
In its order denying relief on ground 5, the postconviction court referenced Mr. Galindo’s plea form, the transcript of the plea hearing, Mr. Galindo’s scoresheet, and the transcript of Mr. Gal-indo’s sentencing hearing. However, it did not attach copies of those documents to its order. On appeal, Mr. Galindo argues, and the State agrees, that the postconviction court erred in failing to attach record documents that conclusively refute Mr. Galindo’s argument in ground 5. We agree with the parties’ arguments that the postconviction court erred in summarily denying ground 5 without attaching record documents to its order that conclusively refute his arguments under that claim.[2]
*272 More important, the postconviction court’s order does not address Mr. Galin-do’s argument that his plea was involuntary because he was not advised by his trial counsel or by the trial court of the maximum possible sentence that could be imposed on count 7. Rather, the order merely addresses Mr. Galindo’s argument that his counsel was ineffective for failing to object to the imposition of a sentence in excess of five years’ prison.
Mr. Galindo’s plea form reflects that the maximum possible sentence for count 7 was five years’ prison, which, in Mr. Galin-do’s case, is incorrect. And his argument that his trial counsel and the trial court failed to advise him of the maximum possible sentence on count 7, thereby rendering his plea involuntary, presents a facially sufficient claim for postconviction relief. See Davis v. State, 15 So.3d 770, 772 (Fla. 2d DCA 2009) ■ (holding that the defendant’s claim that he would not have entered into a plea but for counsel’s misad-vice about the maximum possible penalties for his offenses stated a facially sufficient claim for postconviction relief); Arroyo v. State, 673 So.2d 919, 920 (Fla. 2d DCA 1996) (holding that the defendant’s claim that he would not have entered into a plea if his trial counsel had correctly informed him about the possible penalties that he faced stated a facially sufficient claim for postconviction relief). Thus the postcon-viction court erred in summarily denying relief on ground 5 without addressing this argument.
III. CONCLUSION
Because the postconviction court did not address Mr. Galindo’s argument in ground 5 that his plea to count 7 was involuntary based on his counsel’s and the trial court’s misadvice about the maximum possible sentence and because it failed to attach record documents that conclusively refute his arguments in ground 5, we reverse the postconviction court’s March 20, 2012 order to the extent that it summarily denied relief on ground 5 and remand for further proceedings. In all other respects, we affirm the postconviction court’s orders. We also affirm Mr. Galindo’s new sentences.
Affirmed in part, reversed in part, and remanded in part.
NORTHCUTT and SLEET, JJ., ' Concur.

. Mr. Galindo did not raise any claim of ineffective assistance of counsel on his convictions or sentences for counts 8 and 9.

. Mr. Galindo's plea form and scoresheet, although not attached to the postconviction *272 court’s order, are included in the record on appeal. But' the transcripts of the plea and sentencing hearings are not included in the record.