IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LEANDRE WRIGHT,

      Appellant,

v.

Case No.  5D22-727
LT Case No. 2015-CF-2137

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 12, 2022

3.850 Appeal from the Circuit Court
for Hernando County,
Daniel B. Merritt, Jr., Judge.

Joe Caimano, of Caimano Law Firm,
Tampa, for Appellant.

No Appearance for Appellee.


WOZNIAK, J.

      Leandre Wright appeals the trial court's summary denial of his motion

seeking postconviction relief pursuant to Florida Rule of Criminal Procedure

3.850.  In his motion, Wright raised one claim of ineffective assistance of

counsel, alleging that his trial counsel did not effectively advise him

concerning the State's plea offer.  Specifically, Wright asserted that had he

been properly advised that his motions to suppress were weak, he would have accepted the State's plea offer; the State would not have withdrawn the offer; the trial court would have accepted the offer; and the sentence under the offer would have been less than the sentence imposed. See Alcorn v. State, 121 So. 3d 419 (Fla. 2013) (setting out four criteria that must be established to demonstrate prejudice arising from counsel's ineffectiveness in relation to a rejected plea offer). He further alleged that he had not wanted to go to trial and that he had not known that his sentences would be run consecutively. The State conceded that an evidentiary hearing was necessary to resolve the claim, but the trial court summarily denied Wright's motion upon finding that the pretrial colloquy between Wright and the trial court conclusively refuted his claim. Concluding that the transcript attached to the denial order does not conclusively refute Wright's claim, we reverse and remand for the trial court to attach documents conclusively refuting Wright's claim or to conduct an evidentiary hearing. See Robinson v. State, 972 So. 2d 1115, 1116 (Fla. 5th DCA 2008) (reversing summary denial of rule 3.850 motion because claims were not conclusively refuted by the record).

REVERSED and REMANDED with instructions.

WALLIS and EDWARDS, JJ., concur.

2